681 So.2d 19 (1996)
Margaret DANIEL
v.
BLAINE KERN ARTISTS, INC. et al.
No. 96-C-1348.
Court of Appeal of Louisiana, Fourth Circuit.
September 11, 1996.
Writ Denied December 6, 1996.
*20 Jerry W. Sullivan, Daigle, Sullivan, Dupre' & Aldous, Metairie, for Blaine Kern Artists, Inc., Diesel Tractor & Equipment, Inc, and Transamerica Assurance Company
George P. Hebbler, Jr. Turner, Young, Hebbler & Babin, New Orleans, for Blaine Kern Artists, Inc.
Gregory K. Moroux, Law Firm of Showersmoroux, Lafayette, for Margaret Daniel.
Before BARRY, BYRNES and MURRAY, JJ.
BYRNES, Judge.
The defendants request a review of the denial of their motion for summary judgment. We grant the writ, affirm the judgment of the trial court, and remand for further proceedings.
Margaret Daniel filed suit against Blaine Kern Artists, Inc. ("Kern"), Diesel Tractor & Equipment, Inc. ("Diesel Tractor"), and Transamerica Assurance Company,[1] insurer of Kern and Diesel Tractor, for injuries she sustained when she was run over by a tractor, driven by a Kern employee. The tractor was pulling a float in the Bacchus parade. The plaintiff alleged that the accident "was caused by the negligent use of an agricultural tractor owned and maintained by Defendants as a towing vehicle on the city streets of New Orleans without equipping it with adequate lights, warning devices, mirrors, fenders or having it properly guarded by personnel." She alleged that "[a]lternatively and additionally defendants neither provided nor required personnel to be placed to prevent pedestrians and spectators away from the tractor, or they were improperly carrying out their duties or were inadequate for the job, and negligently so."
Defendants filed a motion for summary judgment on the grounds that because Ms. Daniel alleged only negligence and did not allege any deliberate or wanton acts or gross negligence against them, they were entitled to summary judgment under LSA-R.S. 9:2796. In support of their motion, defendants submitted the affidavit of Blaine Kern, the chairman of Kern, who stated that Kern presented, orchestrated, and directed the Krewe of Bacchus parade, as well as hundreds of other Mardi Gras parades. He further stated that he appeared before the Louisiana House Committee on Civil Law and Procedure and gave testimony in support of the bill that became LSA-R.S. 9:2796, and that he was instrumental in obtaining sponsorship of the law on behalf of his organization and all Mardi Gras krewes, sponsors, and organizations. The defendants also submitted the contract between Kern and Bacchus, which stated that Kern was to prepare, coordinate, and supervise arrangements for the parade, for which Kern was to be compensated. Kern and Diesel Tractor do not dispute the fact that they were compensated. Nor do Kern and Diesel Tractor contend that they are non-profit organizations.
Appellate courts review summary judgments de novo. Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342, 345 (La.1991). An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. McCrae v. Hankins, 720 F.2d 863, 865 (5th Cir.1983). In determining whether an issue is "genuine," courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. Simon v. Fasig-Tipton Co. of New York, 524 So.2d 788, 791 (La.App. 3 Cir.), writs denied, 525 So.2d 1048, 1049 (La.1988).
Procedurally, the court's first task on a motion for summary judgment is determining whether the moving party's supporting documentspleadings, depositions, answers to interrogatories, admissions and affidavitsare sufficient to resolve all material factual issues. LSA-C.C.P. art. 966(B). We need not consider whether the recent amendments to LSA-C.C.P. art. 966 would apply to *21 this case because the result would be the same in any event. In Walker v. Kroop, 96-0618, pp. 3-4 (La.App. 4 Cir. 7/24/96), 678 So.2d 580, 584-84 this court noted:
We need not decide the effective date of the amendments to LSA-C.C.P. art. 966, nor need we determine the extent of the retroactivity of those amendments, as we find that other than the new language found in paragraph "D" of LSA-C.C.P. art. 966 as amended concerning the time of the hearing and the time of the rendering of judgment, there is no new law in spite of all the new language. Where burdens of proof and genuine issues of material facts are concerned, the amendments are merely declarative of existing law, i.e., the burden is still on the mover under LSA-C.C.P. art. 966 as amended to first show "that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law ..." Only after the mover has met this initial burden may summary judgment be rendered against "an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim ..." The amendments make no changes in the definition of the operative summary judgment terms "genuine issue" and "material fact." Therefore, we are still bound by the pre-amendment jurisprudence in defining and applying those terms. And we are still bound by the pre-amendment jurisprudence in placing the burden of proof on the moving party and all that that implies. This represents no change in the law.
See also Short v. Giffin, 96-0361 (La.App. 4 Cir. 8/21/96), 682 So.2d 249, in which this court found that the amended statute applies retroactively but does not change the law regarding the burden of proof in a summary judgment proceeding.
At issue is whether the defendants are immune from liability based on negligence under LSA-R.S. 9:2796. The statute provides in part:
A. Notwithstanding any other law to the contrary, no person shall have a cause of action against any krewe or organization which presents Mardi Gras parades or other street parades connected with pre-Lenten festivities or the Holiday in Dixie Parade, or against any nonprofit organization chartered under the laws of this state, or any member thereof, which sponsors fairs or festivals that present parades, for any loss or damage caused by any member thereof or related to the parades presented by the krewe or organization, unless said loss or damage was caused by the deliberate or wanton act or gross negligence of the krewe or organization. The provisions of this Section shall not be intended to limit the liability of a compensated employee of such krewe or organization for his individual acts of negligence.
The above statute grants immunity only to legal persons who fall into certain categories. The category with which we are concerned in the present case is described as "any krewe or organization which presents Mardi Gras parades." However, a "compensated employee of such krewe or organization" is excepted from this statutory immunity even if he would otherwise qualify. Kern and Diesel Tractor contend that because they are independent contractors, not employees, that they are not excepted from the statutory immunity by virtue of the "compensated employee" exclusion from coverage. Conceding for purposes of argument that Kern and Diesel Tractor are not "compensated employee(s)," the burden is still on Kern and Diesel Tractor to show that they are "krewe(s) or organization(s) which present Mardi Gras parades." Otherwise, they are not immune.
This court finds that defendants are not immune. Kern and Diesel Tractor are compensated contractors who contracted to provide goods or services to a "krewe or organization which presents Mardi Gras parades." Neither Kern nor Diesel Tractor is a "krewe" as that term is used in Mardi Gras parlance. The term "organization" in the statute is equivalent to "krewe" and is not intended to be broad enough to apply to those who contract with a "krewe or organization." Just because a company, corporation or individual provides goods or services to an organization which presents Mardi Gras parades, does not make that company, corporation, or individual a "presenter" of Mardi Gras parades under the statute. By "krewe or organization" the statute refers to the group sponsoring and participating in the *22 parade, not groups that are employed to help to construct the parade, etc. on a compensated basis.[2]
Additionally, the fact that the statute also provides immunity to other non-profit organizations that put on fairs and festivals makes it clear that the immunity is intended to be limited to non-profit corporations or persons not working for compensation.[3]
The type of damage alleged by the plaintiff falls within the category of damage for which immunity is granted by the statute when it refers to "any loss or damage ... related to the parades presented by such krewe or organization." However, even though the damages alleged by the plaintiff fall within the category of damages for which immunity is granted, defendants do not fall within the categories which grant immunity.
As a matter of law, the defendants are not immune from liability based on negligence under La.R.S. 9:2796. However, the ruling of this court is limited to a finding that the defendants are not immune from liability based on negligence and is not necessarily a finding that they are liable.
Accordingly, the ruling of the trial court denying summary judgment is affirmed. The case is remanded for further proceedings.
WRIT GRANTED; AFFIRMED; AND REMANDED.
BARRY, J., concurs.
BARRY, Judge, concurring.
I agree with the result, but not with the dicta and speculation in footnote 2 on page 22.
NOTES
[1] In the writ application the defendants point out that TIG Insurance Group, Inc. is the correct insurer although the attorney for Kern and Diesel Tractor also is listed as the attorney for Transamerica Assurance Company.
[2] We note that the statute provides immunity not only to any krewe or organization but also to "any member thereof." We recognize that it is possible that a "member" of the "krewe or organization" could also deal with that organization in a separate capacity of contractor. In such a situation it would have to be determined whether the act(s) giving rise to the claim for liability arose out of that member's actions in his capacity as a "member", in which case he would be immune, or whether his actions arose out of his capacity as a compensated contractor, in which case he would not be immune from liability based on negligence.
[3] Nothing in this opinion is intended to suggest the fact that a non-profit organization that is otherwise immune under the statute, loses that immunity just because the fair or festival may be a fund raising activity of the non-profit organization.