690 So.2d 1108 (1997)
Lloyd MOORE
v.
DELTA WASTE SYSTEM, INC., Associated International Insurance Management Center, Project Food and Liquor, Inc., and Colony Insurance Company.
No. 96-CA-1984.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1997.
Rehearing Denied April 15, 1997.
*1109 Robert L. Walsh, Jones, Walker, Waechter, Poitevent, Carrere & Denegre L.L.P., New Orleans, for Appellants Project Food and Liquor, Inc. and Colony Insurance Co.
Before BYRNES, LOBRANO and PLOTKIN, JJ.
LOBRANO, Judge.
Project Food and Liquor, Inc. and its insurer, Colony Insurance Company (referred to herein as Project Food) appeal a summary judgment granted in favor of its co-defendant, Delta Waste System, Inc. and its insurer, Associated International Insurance (referred to herein as Delta Waste). Project Food and Delta Waste were both sued by plaintiff for injuries received as a result of a slip and fall in liquid that was leaking from a Delta Waste dumpster. The plaintiff alleged that the dumpster was owned by Delta Waste, and was used by Project Food on its property. Liability against both defendants is premised on strict liability and negligence.
Delta Waste filed a motion for summary judgment asserting that it had no custody and control over the dumpster, that there was no defect in the dumpster, that it had no knowledge of any defect and that its contract with Project Food provided for it to be indemnified. In support of that motion, Delta Waste submitted a memorandum; an affidavit of Horton Beaver, the Delta Waste area manager; and the service agreement between Delta Waste and Project Food. The trial court granted the motion, without reasons, and Project Food appeals.
Summary judgments are reviewed on appeal de novo. Smith v. Our Lady of the Lake Hospital, 93-2512 (La.7/5/94), 639 So.2d 730. The summary judgment article, La. C.C.P. art. 966, was amended by the Louisiana Legislature in 1996. See 1996 La. Acts, No. 9. The amended version of article 966 became effective on May 1, 1996[1] and states that the summary judgment procedure is favored and "shall be construed to accomplish these ends." This Court has interpreted the amended version of C.C.P. art. 966 to be procedural in nature and, therefore, subject to retroactive application. La. C.C. art. 6. Short v. Giffin, 96-0361 (La.App. 4 Cir. 8/21/96), 682 So.2d 249. It is also evident that the legislature, by now "favoring" summary judgments has legislatively overruled the presumption against summary judgments that has developed in the jurisprudence.
However, regardless of whether or not summary judgments are favored, the *1110 amended version of C.C.P. art. 966 does not change the law regarding the burden of proof in a summary judgment proceeding. The burden of proof remains on the mover to show "that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966 C. Only after the mover has met this burden may summary judgment be rendered against "an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial." La. C.C.P. art. 966 C. The adverse party cannot rest on the mere allegations or denials of his pleadings. La. C.C.Pro. art. 967.[2] Therefore, if genuine issues of fact remain, this Court must still reject summary judgment even though this procedure is now favored.
The accident in this case occurred prior to the recent enactment of Civil Code article 2317.1[3], thus knowledge of a defect is immaterial in determining the liability of the owner/custodian. Of course, a claim for negligence requires the proverbial "knew or should have known" determination. In either case however, we determine summary judgment was inappropriate because there are material facts yet to be resolved.
There is no dispute that Delta Waste owns the dumpster from which the liquid allegedly seeped. Despite its argument to the contrary there is still unresolved the factual question of whether complete control, possession or garde was transferred to Project Food. For example, Project Food points out that it was prohibited, under its contract, from making alterations or improvements to the dumpster without Delta Waste's permission. That certainly questions the alleged transfer of custody, for article 2317 purposes, by Delta Waste.
In the affidavit of Horton Beaver, the area manager of Delta Waste, Beaver states that Delta Waste was not aware of any defect in the dumpster and was not advised of any defect by Project Food. However, under the law in effect at the time of this accident, knowledge of a defect is not a prerequisite to a finding of strict liability under C.C. art. 2317. United States Fidelity and Guaranty Company v. Hi-Tower Concrete Pumping Service, Inc., 574 So.2d 424 (La.App. 2 Cir. 1991), writ denied, 578 So.2d 136 (La.1991) and 578 So.2d 137 (La.1991). Therefore, Delta Waste, if found to be in custody or having sufficient garde, can be held strictly liable for a defective dumpster regardless of whether or not it had knowledge of the defect. With regard to the negligence claim, a question of fact remains as to whether or not Delta Waste should have known of the allegedly defective condition of the dumpster. See Muse v. Katz, 93-1066 (La.App. 4 Cir. 2/11/94), 632 So.2d 846. In either scenario, summary judgment was inappropriate.
Delta Waste also argues that it should be dismissed from this lawsuit because Project Food agreed to hold harmless and indemnify Delta Waste against all claims, lawsuits and other liability for injury to persons arising out of the possession or use of the dumpster. However, as Project Food correctly argues, this agreement does not resolve the question of whether or not Project Food must indemnify Delta Waste for Delta Waste's own negligence or strict liability. Since indemnity agreements are strictly construed and there is a factual question concerning Delta Waste's own negligence, summary judgment would be inappropriate on indemnity grounds.
*1111 Finally, Delta Waste claims that plaintiff slipped on cooking oil or another greasy substance near the dumpster, and argues that Project Food is solely responsible because the disposal of flammable substances, such as cooking oil, is prohibited by the service agreement. Project Food first responds that cooking oil is not a flammable substance. Next it points out that there is no evidence that cooking oil was the substance which caused plaintiff's fall. Plaintiff's petition merely alleges that he fell "from liquid which was leaking from the dumpster." Project Food finally argues that this liquid substance could have resulted from a mixture of rain water and dissolved solid waste. Suffice it to say that the record is barren of any evidence as to the nature of the liquid allegedly the cause of plaintiff's fall. Issues of fact abound on this question. If it was cooking oil, is that considered flammable within the context of the lease agreement? Again, summary judgment would be inappropriate on those grounds.
For the reasons assigned, the trial court judgment is reversed and the matter is remanded for further proceedings.
REVERSED AND REMANDED.
PLOTKIN, J., concurs with reasons.
PLOTKIN, Judge, concurring with written reasons.
Although I agree with the result reached by the majority in the instant case, I believe that the standard for deciding motions for summary judgment set forth by the majority is both incomplete and inconsistent with previous decisions of this court handed down since the 1996 amendments to La. C.C.P. art. 966. For the purposes of establishing consistency and uniformity of those standards, I respectfully concur.
This circuit's most comprehensive treatment of the "new" law on motions for summary judgment was set forth as follows in Oakley v. Thebault, 96-0937 (La.App. 4th Cir. 11/18/96), 684 So.2d 488:
The standard for reviewing a motion for summary judgment was recently stated by this court in Daniel v. Blaine Kern Artists, Inc., 96-1348 (La.App. 4th Cir. 9/11/96) 681 So.2d 19, as follows:
Appellate courts review summary judgments de novo. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. In determining whether an issue is "genuine," courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence.
Procedurally, the court's first task on a motion for summary judgment is determining whether the moving party's supporting documentspleadings, deposition, answers to interrogatories, admissions and affidavitsare sufficient to resolve all material factual issues. LSA-C.C.P. art. 966(B).
681 So.2d at 20.
If the court finds that a genuine issue of material fact exists, summary judgment must be rejected. Walker v. Kroop, 96-0618 (La.App. 4th Cir. 7/24/96), 678 So.2d 580, 584. Thus, the burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Id. At that point, the party opposing the motion must "make a showing sufficient to establish existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial." La. C.C.P. art. 966(C).
This court has previously gone on record to say that the 1996 amendments to La. C.C.P. art. 966(C) do not change the existing law concerning genuine issues of material fact and burdens of proof applied to a summary judgment proceeding. See Daniel, 681 So.2d at 20-21; Walker, 678 So.2d at 583-84; Short v. Giffin, 96-0361, slip op. at 2 (La.App. 4th Cir. 8/21/96), 682 So.2d 249. However, the amendment did make a change in the law to the extent that it now proclaims that summary judgments are "favored" and thus the rules should be liberally applied, which requires courts to change their attitudes when reviewing *1112 motions for summary judgment from the attitudes required under the pre-amendment jurisprudence which proclaimed just the oppositethat summary judgment were not favored and thus should be strictly construed. The language of the amendment tracks the language of Federal Rule of Civil Procedure 56, and is designed to allow courts to decide whether enough evidence exists to go to trial, thus giving judges an opportunity to weed out meritless litigation.
Moreover, once a party seeking a summary judgment properly supports the motion and carries his burden of proof, the new law requires the non-moving party who opposes the motion for summary judgment to submit evidence showing the existence of specific facts establishing a genuine issue of material fact, effectively shifting the burden of proof to the non-moving party as does the federal rule. This creates a problem because La. C.C.P. art. 966(G) declares that "notwithstanding any other provision of this Article to the contrary, the burden of proof shall remain with the mover." The effect of the amendment, however, is that the non-moving party is no longer allowed to rely on the allegations of its pleadings in opposition to a properly-supported motion for summary judgment.
Id. at 489-90.
Somewhat inconsistent with the above standard is the majority's statement that the 1996 amendments to the summary judgment articles "do not change the law regarding the burden of proof in a summary judgment proceedings." As stated in Oakley, I believe that the burdens of proof are changed to the extent that the non-moving party in a motion for summary judgment may no longer rely solely on the allegations of his petition to oppose a summary judgment. If the mover has met the burden of proof to establish a prima facie case, the non-moving party must present some contradictory evidence in order to avoid having summary judgment rendered against him. That fact represents a difference in the pre-amendment burdens of proof.
NOTES
[1] The 1996 amended version of La. C.C.P. art. 966 states as follows:

A.(1) The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
(2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
B. The motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted against an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial.
D. The court shall hear and render judgment on the motion for summary judgment within a reasonable time, but in any event judgment on the motion shall be rendered at least ten days prior to trial.
E. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
F. A summary judgment may be rendered on the issue of insurance coverage alone although there is a genuine issue as to liability or the amount of damages.
G. Notwithstanding any other provision of this Article to the contrary, the burden of proof shall remain with the mover.
[2] Despite the contrary suggestions by the author of Oakley v. Thebault, 96-0937 (La.App. 4th Cir. 11/18/96), 684 So.2d 488, cited in his concurrence to this opinion, the 1996 amendments did not change the law with respect to deciding summary judgments. Simply put, the rules are the same. The only change is the new "attitude" that summary judgments are now favored. This circuit recognized that fact in Walker v. Kroop, 96-0618 (La.App. 4th Cir. 7/24/96), 678 So.2d 580. A non-moving party never could rely solely on the allegations of his pleadings. The amendments never changed Code of Procedure article 967 and suggestions to the contrary are incorrect. See, McKey v. General Motors Corporation, 96-0755 (La.App. 1st Cir. 2/14/97), 691 So.2d 164.
[3] C.C. art. 2317.1, which was recently added by Act 1 of the 1996 First Extraordinary Session of the Louisiana Legislature, now requires a plaintiff to prove knowledge of the defect by the owner/custodian.