694 So.2d 497 (1997)
Terry LOZIER
v.
SECURITY TRANSFER AND INVESTMENT CORP., et al.
No. 96-CA-2690.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 1997.
*498 Thomas J. Miller, Waller & Associates, Mandeville, for defendant/appellant.
Steven N. Elliott, Howard B. Kaplan, Mark W. Verret, Bernard, Cassisa & Elliott, Metairie, for defendant/appellee.
Before LOBRANO and PLOTKIN and WALTZER, JJ.
PLOTKIN, Judge.
Defendants, Security Transfer & Investment Corp. d/b/a Security Van Lines; John Doe(s), employee(s) of Security; and ABC Insurance Co. (hereinafter referred to collectively as "Security"), appeal a trial court judgment granting a motion for summary judgment in favor of third-party defendant, General Motors Corp. (hereinafter referred to as "GMC"), finding that GMC was entitled to contractual indemnity from Security and dismissing GMC from the suit. For the reasons which follow, we reverse and remand for further proceedings.

Facts
Plaintiff Terry Lozier was allegedly injured on January 14, 1993, when some boxes fell on him while he was walking on stilts, performing his job as a drywall finisher at Delgado Community College (hereinafter referred to as "Delgado"). The boxes had alleged been stacked in the location where Lozier was working by Security employees, working under a contract with GMC. At the time, the GM Training Facility was in the process of moving from the New Orleans Regional Vo-Tech to Delgado. GMC had allegedly contracted with Security to supervise the move to the new location. Security had packed the boxes December 14 through 16, 1992, then moved the boxes December 28 through 30, 1992.
*499 Lozier originally filed suit against Security, then added several other defendants by means of first and second supplemental and amending petitions. Two of the defendants added by supplemental and amending petition, Johnson Moving & Storage a/k/a Security Van Lines and Aetna Casualty & Surety Co. (hereinafter referred to collectively as "Johnson"), then filed a third-party demand seeking indemnity and contribution from GMC. Thereafter, the plaintiff filed a third supplemental and amending petition, naming GMC as a direct defendant.
GMC then filed a motion for summary judgment, claiming that its written contract with Security required Security to hold harmless and indemnify GMC for any liability arising out of the move. That motion was opposed by Security. The trial court granted the motion for summary judgment, dismissing GMC from the suit. Security appeals.
Standard for deciding motions for summary judgment
The standard for reviewing a motion for summary judgment was recently stated by this court in Daniel v. Blaine Kern Artists, Inc., 96-1348 (La.App. 4th Cir. 9/11/96) 681 So.2d 19, writ denied, 96-2463 (La.12/6/96), 684 So.2d 934, as follows:
Appellate courts review summary judgments de novo. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. In determining whether an issue is "genuine," courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence.
Procedurally, the court's first task on a motion for summary judgment is determining whether the moving party's supporting documentspleadings, deposition, answers to interrogatories, admissions and affidavitsare sufficient to resolve all material factual issues. LSA-C.C.P. art. 966(B).
681 So.2d at 20, quoted in Oakley v. Thebault, 96-0937 (La.App. 4th Cir. 11/18/96), 684 So.2d 488, 489-90 (citations omitted).
If the court finds that a genuine issue of material fact exists, summary judgment must be rejected. Walker v. Kroop, 96-0618 (La. App. 4th Cir. 7/24/96), 678 So.2d 580, 584; Oakley, 684 So.2d at 490. Thus, the burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Walker, 678 So.2d at 584; Oakley, 684 So.2d at 490. At that point, the party opposing the motion must "make a showing sufficient to establish existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial." La. C.C.P. art. 966(C).
This court has previously gone on record to say that the 1996 amendments to La. C.C.P. art. 966(C) do not change the existing law concerning genuine issues of material fact and burdens of proof applied to a summary judgment proceeding. See Daniel, 681 So.2d at 20-21; Walker, 678 So.2d at 583-84; Short v. Giffin, 96-0361, (La.App. 4th Cir. 8/21/96), 682 So.2d 249, writ denied, 96-3063 (La.3/17/97), 689 So.2d 1372. However, the amendment did make a change in the law to the extent that it now proclaims that summary judgments are "favored" and thus the rules should be liberally applied, which requires courts to change their attitudes when reviewing motions for summary judgment from the attitudes required under the pre-amendment jurisprudence which proclaimed just the oppositethat summary judgment were not favored and thus should be strictly construed. Oakley, 684 So.2d at 490. The language of the amendment tracks the language of Federal Rule of Civil Procedure 56, and is designed to allow courts to decide whether enough evidence exists to go to trial, thus giving judges an opportunity to weed out meritless litigation. Id.
Moreover, once a party seeking a summary judgment properly supports the motion and carries his burden of proof, the new law requires the non-moving party who opposes the motion for summary judgment to submit evidence showing the existence of specific facts establishing a genuine issue of *500 material fact, effectively shifting the burden of proof to the non-moving party as does the federal rule. Id. This creates a problem because La. C.C.P. art. 966(G) declares that "notwithstanding any other provision of this Article to the contrary, the burden of proof shall remain with the mover." Id. The effect of the amendment, however, is that the non-moving party is not allowed to rely on the allegations of its pleadings in opposition to a properly-supported motion for summary judgment. Id.
Sufficiency of evidence to prove indemnity agreement
In support of its motion for summary judgment, GMC attached the following documents: (1) the affidavit of GMC employee Danny Galatas; (2) "Exhibit A," consisting of a December 2, 1992 GMC Purchase Order signed by someone whose last name was Roberts for a $7,124 payment to Security for moving service; and (3) "Exhibit B," consisting of a December 3, 1992 GMC Purchase Order signed by Sharon L. Boyd for a $12,255.75 payment to Security for moving service, a page labelled "Purchase Order Terms and Conditions," and another two-page document signed by Danny Galatas, identified only in a highlighted statement reading as follows: "READ THIS CONTRACT! YOUR RIGHTS AS A CUSTOMER (SHIPPER) CONCERNING CHARGES AND CLAIMS WILL BE DETERMINED BY THESE PROVISIONS." The last document is apparently the contract between Security and GMC, presumably prepared by Security.
The clause which forms the subject of the motion for summary judgment in the instant case is found on the page labelled "Purchase Order Terms and Conditions," apparently the reverse side of the Purchase Order which forms the first page of "Exhibit B." Paragraph 14 under "Terms and Conditions" states, in pertinent part, as follows:
14. INSURANCE: If this order covers the performance of labor for Buyer [GMC], Seller [Security] agrees to indemnify and protect Buyer against all liability, claims or demands for injuries or damages to any person or property growing out of the performance of this order by Seller, its servants, employees, agents or representatives.
On the basis of the above clause, the trial court held that Security was bound to indemnify GMC from liability for the injuries claimed by plaintiff in the instant suit, granted the motion for summary judgment and dismissed GMC from the suit.
However, as pointed out by Security in its opposition to the motion for summary judgment, the front of the Purchase Order which forms the first page of "Exhibit B" attached to GMC's motion for summary judgment, contains the following language:
THIS ORDER IS NOT BINDING UNTIL ACCEPTED. ACCEPTANCE IS REQUIRED BY ACKNOWLEDGMENT COPY ATTACHED.
THIS ORDER INCLUDING THE TERMS AND CONDITIONS ON THE FACE AND REVERSE SIDE HEREOF CONTAINS THE COMPLETE AND FINAL AGREEMENT BETWEEN BUYER AND SELLER AND NO OTHER AGREEMENT IN ANY WAY MODIFYING ANY OF SAID TERMS AND CONDITIONS WILL BE BINDING UPON BUYER UNLESS MADE IN WRITING AND SIGNED BY BUYER'S AUTHORIZED REPRESENTATIVE.
The record in this case contains no evidence that an authorized representative of Security ever accepted the purchase order. By the express terms of the purchase order, the "Terms and Conditions" of the order are not binding in the absence of acceptance by the other party; acceptance, in turn, must be in the form of the "acknowledge form attached" to the purchase order. No acknowledge form was submitted by GMC in support of its motion for summary judgment. Accordingly, we find that GMC failed to carry its burden of proving that no genuine issues of material fact exist concerning Security's responsibility to indemnify GMC for injuries arising out of the move. Our de novo review of the record reveals that GMC has failed to prove that it is entitled to judgment as a matter of law.
On appeal, GMC makes two basic arguments in support of the trial court judgment granting the motion for summary judgment. *501 First, GMC claims that Security failed to offer opposing affidavits and is unable to rely on the allegations in its pleadings to create a genuine issue of material fact. However, under the statutory requirements for granting a motion for summary judgment and under the Louisiana jurisprudence interpreting those requirements, Security had no responsibility to present any evidence in opposition to GMC's motion for summary judgment until GMC had carried its burden of proving that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law. Anytime a court finds, as we find in the instant case, that a genuine issue of material fact exists, summary judgment must be rejected. Walker v. Kroop, 96-0618 (La.App. 4th Cir. 7/24/96), 678 So.2d 580, 584; Oakley, 684 So.2d at 490. The burden to present evidence in opposition to the motion for summary judgment does not shift to the party opposing the motion until the moving party first presents a prima facie case that no genuine issues of material fact exist. Walker, 678 So.2d at 584; Oakley, 684 So.2d at 490. Because GMC failed to meet the burden of presenting a prima facie case in the instant case, the burden did not shift to Security to present evidence in opposition. Thus, Security's failure to present affidavits opposing GMC's motion does not automatically entitle GMC to summary judgment.
Second, GMC claims that the trial court could properly have found that Security accepted the terms and conditions of the purchase order by performing the contract, citing Illinois Central Gulf Railroad v. International Harvester, 368 So.2d 1009 (La. 1979) and McDermott, Inc. v. M-Electric & Construction Co., 496 So.2d 1105 (La.App. 4th Cir.1986). However, we find no merit in this argument for three reasons. First, neither of the cited cases involved motions for summary judgment; both involved a trial court judgment based on a full trial on the issue of acceptance by performance. The question of acceptance by performance could not properly be decided in a motion for summary judgment in the instant case because of remaining genuine issues of material fact on that issue. Second, GMC's purchase order itself expressly provides that the order is not binding unless it has been accepted and that "acceptance is required by acknowledgment copy attached." Under the express terms of GMC's own document, acceptance by performance is not valid. Third, the documents submitted by GMC in support of the motion for summary judgment include another document, obviously prepared by Security and definitely signed by GMC employee Danny Galatas, containing certain "provisions" relative to the moving contract between the parties. Thus, the question of Security's obligations under the contract cannot be resolved by reference to the documents submitted by GMC in support of its motion for summary judgment. Security admits that it did perform the contract; however, that performance cannot be assumed to be the acceptance of the "Terms and Conditions" of the purchase order, especially since another "contract" exists governing the rights and obligations between the parties. The documents submitted by GMC are sufficient only to show that GMC accepted the "provisions" of Security's contract; they are insufficient to show that Security accepted the "Terms and Conditions" of GMC's purchase order.
Additionally, we note that the trial court improperly dismissed GMC from the suit on granting its motion for summary judgment on the indemnity issue. As noted above, after GMC had been named a third-party defendant by Johnson, Lozier filed a third supplemental and amending petition, naming GMC as a direct defendant. Thus, GMC should not have been dismissed from the suit, despite the trial court's finding that GMC was entitled to indemnity from Security. However, our finding that GMC failed to meet its burden of proof on the motion for summary judgment makes that issue moot since we have reversed the judgment in toto, including the portion of the judgment dismissing GMC from the suit.

Conclusion
Accordingly, the trial court judgment granting the motion for summary judgment in favor of GMC is reversed. The case is *502 remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
LOBRANO, J., concurs.
WALTZER, J., concurs with reasons.
LOBRANO, Judge, concurring.
I concur in the majority result, but write separately only to express my opinion that the 1996 amendments did not change the rules governing summary judgments, only the court's "attitude". Moore v. Delta Waste System, Inc., 96-1984 (La.App. 4th Cir. 3/12/97) So.2d at footnote 2.
WALTZER, Judge, concurring with reasons.
Terry Lozier sued Security Transfer & Investment Corporation, d/b/a Security Van Lines (Security hereinafter), Security's unnamed employee or employees, and Security's unnamed insurer, later determined to be Aetna Casualty and Surety Company, for damages allegedly sustained by Lozier on 14 January 1993 when heavy boxes allegedly stacked by Security fell on Lozier. Lozier was working at the time of the accident as a drywall finisher at Delgado Community College (Delgado hereinafter). The State of Louisiana intervened against defendants and General Motors Corporation, Inc. (GM hereinafter) asserting a claim for $29,641.68 paid to Lozier in Workers' Compensation benefits and medical expenses. By amending petition, Lozier added as defendants Johnson Storage & Moving Company, d/b/a Security Van Lines, (Johnson hereinafter) and its insurer, Van Liner Insurance Company. Johnson and Aetna filed a third party demand and demand for jury trial against GM and its unnamed insurer alleging that GM contracted with Johnson to provide moving services in the General Motors Training Center at Delgado, and that such services were provided by Johnson, under the direction of GM employee Gerry Galatas, on 28, 29, 30 and 31 December 1992 and Lozier's alleged injuries were caused by Galatas' negligence for which GM is responsible under the doctrine of respondeat superior.
Johnson and Aetna appeal from the trial court's judgment of 17 June 1996 granting GM's Motion for Summary Judgment dismissing GM from the suit. I concur with the majority's reversal of the motion for summary judgment, but write separately because the majority relies on an incorrect statement of the effect of the 1996 amendments to La. C.C.P. art. 966.
The majority relies on Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/18/96), 684 So.2d 488, which holds with respect to the 1996 amendments to La. C.C.P. art. 966:
The effect of the amendment, however, is that the non-moving party is no longer allowed to rely on the allegations of its pleadings in opposition to a properly supported motion for summary judgment. Oakley at p. 4, 684 So.2d at 490.
This is clearly incorrect. Prior to amendment of La. C.C.P. art. 966, this Court held that when a motion for summary judgment is made and supported with affidavits, depositions and/or answers to interrogatories, the adverse party may not rest merely on the allegations or denials contained in the pleadings. Poydras Square Assoc. v. Suzette's Artique, 614 So.2d 131, 132 (La.App. 4 Cir. 1993). I agree with this Court's conclusion in Moore v. Delta Waste System, Inc., 96-1984 (La.App. 4 Cir. 3/12/97), p. 3 fn. 2, 690 So.2d 1110 fn. 2:
Despite the contrary suggestions by the author of Oakley v. Thebault, 96-0937 (La. App. 4th Cir. 11/18/96), 684 So.2d 488, cited in his concurrence to this opinion, the 1996 amendments did not change the law with respect to deciding summary judgments. Simply put, the rules are the same. The only change is the new "attitude" that summary judgments are now favored. This circuit recognized that fact in Walker v. Kroop, 96-0618 (La.App. 4 Cir. 7/24/96), 678 So.2d 580. A non-moving party never could rely solely on the allegations of his pleadings. The amendments never changed Code of Procedure article 967 and suggestions to the contrary are incorrect. See, McKey v. General Motors Corporation, 96-0755 (La.App. 1st Cir. 2/14/97), 691 So.2d 164.
*503 Summary judgments are reviewed on appeal de novo. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: is there any outstanding genuine issue of material fact, and is the mover entitled to judgment as a matter of law. Walker v. Kroop, p. 1-2, 678 So.2d at 582. A material fact is one that potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. Id. Where burdens of proof and genuine issues of material fact are concerned, the amendments of 1996 are merely declarative of existing law, that is, the burden remains on the mover to first show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law; only after mover has met this burden may summary judgment be rendered against an adverse party who fails to make a showing sufficient to establish the existence of proof of an essential element of a party's claim. The amendments make no changes in the definitions of the operative terms, "genuine issue" and "material fact." Walker v. Kroop at p. 4, 678 So.2d at 583. If genuine issues of material fact remain, this Court must reject summary judgment even though this procedure is now favored. Moore v. Delta Waste System, Inc., supra at p. 3, 690 So.2d at 1110.
I agree with the majority's finding that there is a genuine issue as to whether Johnson accepted the terms of the purchase order, which included the indemnity on which GM bases its Motion for Summary Judgment. However, my reading of the Security contract signed by Galatas governing GM's rights "concerning charges and claims" does not raise any genuine issue of material fact. This contract (actually a series of contracts covering various property to be moved and having identical substantive provisions), by its own terms, relates only to claims for property damage, and is irrelevant to Lozier's personal injury claim.