1 iPLOTKIN, Judge,
concurring with written reasons.
I agree with the majority’s statements of the law on all of the substantive issues pre *1278 sented by this appeal; I write separately only to refine the statement of the -law on the procedural issue of summary judgment.
Appellate courts :must review summary judgments de novo. In so doing, appellate courts must ask the same questions as do the courts: whether any genuine issues of material fact exist, and whether the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). In determining whether an issue is “genuine”, courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. Daniel v. Blaine Kern Artists, Inc., 96-1348 (La.App. 4th Cir. 9/11/96), 681 So.2d 19, writ denied, 96-2463 (La.12/6/96), 684 So.2d 934.
The 1997 legislature amended the summary judgment procedure set out by La. C.C.P. art. 966(C) and (D) “to establish and allocate the burden of proof.” Act. 483, 1997 La. Legislature. The burden of proof is set out as follows:
C.(l) After adequate discovery or after a ease is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements |2essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
Procedurally, under the amended law, the court’s first task on a motion for summary judgment remains the same — to determine whether the moving party’s supporting documents — pleadings, deposition, answers to interrogatories, admissions and affidavits — are sufficient to resolve all material factual issues. La. C.C.P. art. 966(B). If the court finds that a genuine issue of material fact exists, summary judgment must be denied. Walker v. Kroop, 96-0618 (La.App. 4th Cir. 7/24/96), 678 So.2d 580, 584. However, if the court finds, based on the evidence presented by the movant, that no genuine issues of material fact exist, the party opposing the motion for summary judgment is required to “produce factual support sufficient to establish that he will be able to satisfy his eviden-tiary burden of proof at trial.” In meeting his burden of proof, the movant is expressly not required “to negate all the essential elements of the adverse party’s claim, action, or defense,” but only “to point out to the court that there is an absence of factual support for one or more elements.” Once the mov-ant has met his burden and the burden shifts to the party opposing the motion, the non-moving party is not allowed to rely on the allegations of its pleadings in opposition to a properly-supported motion for summary judgment. Oakley v. Thebault, 96-0937 (La.App. 4th Cir. 11/18/96), 684 So.2d 488.
As amended by both the 1996 and 1997 Louisiana legislatures, the law on the burden of proof in motions for summary judgment has been changed. The 1997 Comment to the new law specifically overrules any cases which are inconsistent with Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41. According to the 1996 amendments, summary judgments are now “favored” and thus the rules should be ^liberally applied, requiring courts to change their attitudes when reviewing motions for summary judgment from the attitudes required under the pre-amendment jurisprudence which proclaimed just the opposite— that summary judgments were not favored and thus should be strictly construed. The •language of the amendments tracked the language of Federal Rule of Civil Procedure 56, and is designed to allow courts to decide whether enough evidence exists to go to trial, thus giving judges an opportunity to weed out meritless litigation. Meunier v. Pizzo, 97-0047 (La.App. 4th Cir. 6/18/97), 696 So.2d 610.
*1279 In the instant case, for the reasons stated by the majority, the movant, defendant Om-nimark, Inc., has carried its burden of proving that it is entitled to summary judgment under the new law. Moreover, the non-moving party, plaintiff Cable & Connector Warehouse, Inc., has not presented sufficient evidence to rebut Omnimark’s case. Accordingly, the granting of the summary judgment was correct.