| iBARRY, Judge.
Aetna Casualty and Surety Company appeals a summary judgment for $314,000 under a policy of insurance, plus a penalty and attorney fees based on Aetna’s failure to timely pay upon proof of the loss. We affirm the summary judgment and reverse the penalty and attorney fees.

Facts

On May 11, 1988 the Louisiana State Museum (“Cabildo”) sustained severe fire damage. A policy of fire insurance issued by Aetna to the State of Louisiana and various agencies, boards and commissions, was effective from July 1, 1987 to July 1, 1990 and covered the loss.
In compliance with the Louisiana Public Bid Law, La. R.S. 38:2211 et seq., the State advertised for bids to repair the Cabildo. The State rejected a $2,800,000 base bid by Spartan Building Corporation during the first round of bids. Koch & Wilson Architects (on behalf of Facility Planning and Control for the State) found that six of Spartan’s subcontractors did not meet specified criteria and four of those were “unacceptable.” Koch & Wilson also found that Spartan’s |2base bid was considerably lower (27%) than the Architect’s estimate, which reinforced their concern over key subcontractors. After three rounds of bids the State awarded the contract to Grimaldi Construction, Inc., the “lowest responsible bidder” with a base bid of $3,114,000.
The State submitted a proof of loss to Aetna based on Grimaldi’s base bid. The record does not contain evidence of Aetna’s payment, but the parties do not dispute that Aetna paid $2,800,000 based on Spartan’s bid. The State filed this suit for full payment under the policy. Its motion for summary judgment sought $314,000, the difference between $2,800,000 and Grimaldi’s bid of $3,114,000. The trial court granted summary judgment to the State for $314,000 plus a $31,400 penalty. In a separate judgment the trial court awarded $7,892.72 in attorney fees. Aetna appealed both judgments. The appeal record does not contain the transcript of the summary judgment hearing. The trial court did not issue reasons.

Summary Judgment

A summary judgment is reviewed on appeal de novo. Smith v. Our Lady of the Lake Hospital, 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750. Summary judgment is favored and “shall be construed to accomplish these ends.” La. C.C.P. art. 966(A)(2). The mover has the burden of proof. A motion which shows that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law shall be granted. La. C.C.P. art. 966(C). The 1996 amendment to art. 966 legislatively overruled the jurisprudential presumption against summary judgment. Moore v. Delta Waste System, Inc., 96-1984 p. 3 (La.App. 4 Cir. 3/12/97), 690 So.2d 1108.

\%Analysis

Aetna claims there is a genuine issue of fact concerning the cost of repairing the Cabildo as evidenced by the different bids submitted to the State. Aetna acknowledges the State’s authority under the Public Bid Law to determine and select the lowest responsible bid to repair the property. However, Aetna claims the policy does not require full payment when a lower bid was rejected. The State responds that the lowest responsible bid selected under the Public Contracts Law determines the property and repair value. Neither party cites any law on point. Jurisprudence cited by Aetna concerns summary judgments, the purpose of the Public Bid Law, and the contractual nature of an insurance policy. Jurisprudence cited by the State concerns the public bid process and the State’s authority under that law.
*1305 The policy’s “Building and Personal Property Coverage Form” CP 00101185 establishes duties and obligations of the parties to the insurance contract. Paragraph 4 of the section is entitled Loss Conditions and sets forth Aetna’s obligation to pay the cost of repairs:
Loss Payment
a. In the event of loss or damage covered by this Coverage Form, we will either:
(1) Pay the value of lost or damaged property; .. •
(2) Pay the cost of repairing or replacing the lost or damaged property, plus any reduction in value of repaired items;
(3) Take all or any part of the property at an agreed or appraised value; or
(4) Repair, rebuild or replace the property with other property of like kind and quality-
Paragraph 2 of that section controls resolution of a dispute over the property’s value:
Appraisal
If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
a. Pay its chosen appraiser; and
b. Bear the other expenses of the appraisal and umpire equally.
If we submit to an appraisal, we will still retain our right to deny the claim.
The policy obligates Aetna to pay the cost to repair the property. Repairs to the Cabildo constitute public work. Under the Public Bid Law, that work:
shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised, and no such public work shall be done ... except as provided in this Part. [Emphasis added]
La. R.S. 38:2212(A)(l)(a).
Thus the Cabildo could only be repaired under the Public Bid Law. A bid which was validly rejected is not proof of the cost of repair under the Public Bid Law. Aetna does not allege (and there is no proof) that the State improperly rejected Spartan’s bid. There is no evidence of another “responsible bid” for $2,800,000 which satisfies the “contract, plans, and specifications as advertised.” Although the policy and the Public Bid Law do not preclude Aetna from investigating the State’s claim or demanding an appraisal, Aet-na did not invoke the appraisal process.
Summary judgment for the State was proper.

15Penalties and Attorney Fees

Aetna argues that the trial court erred by awarding, a ten percent penalty and attorney fees because a bona fide dispute existed concerning whether Aetna, owed the full amount of the bid which the State accépt-ed. That claim has merit.
Payment is due an insured within thirty days after the insurer’s receipt of satisfactory proof of loss. La. R.S. 22:658(A)(1). Failure to timely pay shall subject the insurer to a penalty and attorney fees if the failure is arbitrary, capricious, or without probable cause. La. R.S. 22:658(B)(1).
Aetna paid the undisputed amount. This matter presents an issue that appears to be of first impression in Louisiana. We are satisfied that Aetna acted reasonably by not paying the entire State’s claim. Although we have ruled in the State’s favor, Aetna’s action was clearly not arbitrary or capricious to warrant penalties and attorney fees.
We affirm summary judgment for the State and reverse the penalty and attorney fees.
AFFIRMED IN PART, REVERSED IN PART.