|,LOVE, Judge.
Plaintiff, Jennifer Mitchell, appeals the judgment of the trial court granting summary judgment to Defendants, St. Paul Fire and Marine Insurance Company (hereinafter referred to as St. Paul). For the reasons explained below, we reverse the trial court’s decision granting summary judgment because the record demonstrates that there are material issues of fact in dispute in this case.

FACTS AND PROCEDURAL HISTORY

Ms. Mitchell had been employed as a Medical Malpractice Claims Adjuster at St. Paul since 1982. In February 1994, Ms. Mitchell filed a claim for Workers’ Compensation Benefits asserting that she developed carpal tunnel syndrome in each of her wrists and hands. Ms. Mitchell alleges that St. Paul refused to make modifications to her typing requirements and that the modifications made to her workspace were ineffective to alleviate her condition. Ms. Mitchell contends that she developed severe stress and anxiety because she suffered increasing pain due to St. Paul’s failure to modify her work and provide adequate assistance. She feared that she would need surgery to correct her worsening carpal tunnel syndrome. Ms. Mitchell was rendered disabled as a result of her stress and anxiety. She left employ *519 ment with St. Paul in October 1995, and formally | ¿resigned in January 1996 because of St. Paul’s refusal to pay Workers’ Compensation Benefits.
St. Paul alleges that it took necessary measures to alleviate Ms. Mitchell’s condition. It asserts that it made substantial modifications to her workspace, gave her extra leeway to take breaks so as not to aggravate the condition, and assigned Ms. Mitchell a clerical assistant to help with typing. St. Paul contends that her mental distress did not stem from her carpal tunnel syndrome, but from a pre-existing condition; therefore, it is not liable under Workers’ Compensation. St. Paul also contends that Ms. Mitchell was not disabled and left work on her own accord.
This matter was scheduled for trial on the merits in March 1998. However, prior to this date, the trial court rendered a Motion for Summary Judgment in favor of St. Paul. This Court reversed summary judgment based on a procedural violation of La. C.C.P. art. 966(D), and remanded back to the trial court. Accordingly, a new trial date was set. Again, St. Paul filed a Motion for Summary Judgment, with the same evidence presented in the original motion, claiming that there were no genuine issues of material fact. The motion was granted, and this appeal follows.

STANDARD OF REVIEW

Appellate courts review summary judgments de novo. Schroeder v. Board of Sup’rs of Louisiana State University, 591 So.2d 342, 345 (La.1991). Regardless of whether or not summary judgments are favored, the amended version of C.C.P. art. 966 does not change the law regarding the burden of proof in a summary judgment proceeding. Moore v. Delta Waste System, Inc., 96-1984, p. 3 (La.App. 4 Cir. 3/12/97), 690 So.2d 1108, 1109 (citing La. C.C.P. art. 966). The burden of 13proof remains on the mover to show “that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.” Id. at 1110 (citing La. C.C.P. art. 966). An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any issue of material fact, and whether the mover is entitled to judgment as a matter of law. Daniel v. Blaine Kern Artists, Inc., 96-1348, p. 2 (La.App. 4 Cir. 9/11/96), 681 So.2d 19, 20 (citing McCrae v. Hankins, 720 F.2d 863, 865 (5th Cir.1983). Procedurally, the court’s first task on a motion for summary judgment is determining whether the moving party’s supporting documents — pleadings, deposition, answers to interrogatories, admissions and affidavits — are sufficient to resolve all material factual issues. Id. At that point, the party opposing the motion must “make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial.” Oakley v. Thebault, XYZ, 96-0937, p. 3 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490. In determining whether an issue is “genuine”, courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. Daniel, 681 at 20 (citing Simon v. Fasig-Tipton Co. of New York, 524 So.2d 788, 791 (La.App. 3rd Cir.1988)).

DISCUSSION

We find that there are several issues of material fact in this case, and accordingly it should not have been dismissed on summary judgment. For example, there is conflicting characterization of Dr. D’Sou-za’s deposition. St. Paul insists the deposition demonstrates that Ms. Mitchell’s condition could be remedied by using wrist braces. However, Ms. Mitchell contends Lthat Dr. D’Souza recommended a consid *520 erable decrease in the amount of typing she had to do as part of her job. St. Paul argues that it made considerable modifications to her workspace and work conditions, which should have alleviated her pain, including providing her with an assistant to help with typing. There is no conclusive evidence that these modifications were performed to the level that St. Paul asserts; furthermore, the only favorable testimony regarding these modifications was presented by employees of St. Paul. Ms. Mitchell, of course, refutes most of the claims made by St. Paul.
Since we are unable to make credibility determinations at summary judgment, we are neither in a position to evaluate whether or not the modifications to Ms. Mitchell’s workplace were sufficient to alleviate her condition, nor are we in a position to assess the gravity of her injury. Furthermore, there are questions about whether her fear of surgery was the actual cause of her mental disturbance.
The documentation submitted in support of the motion for summary judgment demonstrates that this is a fact intensive case, with material facts in dispute. St. Paul, perhaps unwittingly, acknowledges this in its “Statement of Uncontested Material Facts” of which there are two: 1) The claimant, Jennifer S. Mitchell, was employed as a claims adjuster at St. Paul Fire and Marine Ins. Co. and; 2) The claimant voluntarily resigned from her position in January of 1996. With these limited concessions of uncontested facts, St. Paul fails to satisfy its burden under summary judgment law.

CONCLUSION

Clearly there are many issues of material fact in this case that must be resolved by trial on the merits. Therefore, we reverse the trial court’s granting summary judgment to St. Paul.
REVERSED.