821 So.2d 123 (2002)
Joan Rae BREAUX
v.
Vincent SCHIRO, Robert Loftis, Billy Fayard and Philip Gattuso.
No. 01-CA-1398.
Court of Appeal of Louisiana, Fifth Circuit.
May 29, 2002.
*124 Steven E. Psarellis, New Orleans, LA, and Elizabeth A. Tumminello, Metairie, LA, for plaintiff-appellant.
Hugh D. Aldigé and James A. Harry, Metairie, LA, for defendants-appellees.
Court composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
On April 19, 1998, plaintiff, Joan Rae Breaux, was in the Caddyshack III Lounge as a customer. Another patron of the lounge knocked over a snack machine, or peanut machine. The peanut machine fell onto Ms. Breaux's foot, fracturing her fibular sesamoid bone. She underwent surgery and will have permanent damage.
Ms. Breaux filed suit against the owners of Caddyshack III Lounge, Robert Loftis and Vincent Schiro, and the managers/operators or employees, Al Fayard and Phillip Gattuso. Gattuso owned the peanut machine. The machine consisted of three glass containers on a narrow pedestal.
The defendants filed a motion for summary judgment on the basis that the machine did not create an unreasonable risk of harm. As support for this argument, they submitted the affidavit of Gattuso and excerpts from the deposition of Gattuso. The trial court granted summary judgment in favor of the defendants finding that, based on the affidavit of Gattuso, no genuine issues of material fact exists. Therefore, the burden shifted to Ms. Breaux to show an unreasonable risk of harm and the trial court found she would not be able to satisfy this evidentiary burden. A written Judgment and Reasons for Judgment were signed by the trial court on July 16, 2001 granting summary judgment in favor of defendants Gattuso, Loftis and Fayard. On August 6, 2001, the trial court signed a Judgment and Reasons for Judgment also granting summary judgment *125 in favor of defendant Shiro. On appeal, Gattuso, Loftis and Fayard point out that the Judgment signed on July 16, 2001 orders the granting of a single "defendant's" motion for summary judgment, even though the Reasons for Judgment make it clear that the trial court intended to grant summary judgment in favor of all three defendants. Therefore, they are requesting a rewording of the judgment to reflect this intention.
Ms. Breaux appeals this judgment and presents three issues on appeal. First, the trial court erred in finding that Gattuso's affidavit sufficiently met the evidentiary burden for summary judgment and showed no genuine issues of material fact. Second, the trial court erred by disregarding the plaintiff's deposition testimony, affidavit and photograph as evidence of genuine issues of material fact. Third, the trial court erred by not finding that "spoliation" of the machine created a presumption that evidence on the condition of the machine would have been unfavorable to the defendants.

DISCUSSION
This matter is before this Court as a review of a summary judgment. An appellate court reviews a summary judgment de novo and asks the same questions as the trial court, whether there are genuine issues of material fact and whether the mover is entitled to judgment as a matter of law. Lozier v. Security Transfer and Investment Corp., 96-CA-2690 (La.App. 4 Cir. 4/30/97), 694 So.2d 497, citing Daniel v. Blaine Kern Artists, Inc., 96-1348 (La. App. 4 Cir. 9/11/96) 681 So.2d 19, writ denied, 96-2463 (La.12/6/96), 684 So.2d 934. A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA C.C.P art. 966. Summary judgments are now favored and the rules should be applied liberally.
First, this Court must determine if the moving party's documents submitted with its motion for summary judgment are sufficient to resolve all material fact issues. If this Court finds a genuine issue of fact exists, the summary judgment must be denied. If this Court finds that no genuine issue of material fact exists, then the burden shifts to the opposing party who must make "a showing sufficient to establish the existence of proof of an element essential to his claim, action or defense and on which he will bear the burden of proof at trial."
Ms. Breaux claims the defendants were negligent in "placing or allowing to stand an unsecured, top-heavy dispenser." In order to be successful at trial, the plaintiff must prove that the condition of the peanut machine created an unreasonable risk of harm or was defective and that this condition was a cause-in-fact of the injury.
In support of their motion for summary judgment, the defendants attached the following: (1) the affidavit of Phillip Gattuso; (2) excerpts from the deposition of the plaintiff, Joan Breaux; and (3) a letter from Dr. Mark Juneau regarding the plaintiff's injuries. In his affidavit, Phillip Gattuso states that he is the owner of several vending machines and has been in the business for many years. He further states he is familiar with the customs and practices in the area of placing vending machines in business establishments. He states the peanut machine in question, which he owns, is a free-standing machine and is designed to stand without being mounted. When he purchased the machine he did not receive instructions that would indicate it could or should be mounted in *126 order to secure it. He further attests that the machine and similar machines are weighted at the bottom so they are reasonably safe without the need for additional securing. Gattuso states that it is the custom and practice of owners of similar machines to place them in business establishments without mounting them to the floor or otherwise securing them, and the peanut machine in question was kept in the same manner as is customary in this area and country.
The trial court found, based upon Gattuso's affidavit attesting that the machine was not top heavy, that the defendants satisfied their burden of proving that no genuine issues of material fact existed. Thus, the burden shifted to the plaintiff to show that she would be able to satisfy her evidentiary burden of proving that the peanut machine created an unreasonable risk of harm.
The plaintiff argues on appeal that Gattuso's affidavit is insufficient to meet the evidentiary burden for summary judgment and it does not prove that no genuine issue of material fact exists. The plaintiff argues that the affidavit contains speculative comments and opinions and conclusory facts and conclusions which would be inadmissible at trial and should not be considered for summary judgment.
We find the statements made by Gattuso in his affidavit to be based on his personal knowledge and the conclusions presented are based on the facts. The trial court was correct in finding that this affidavit was sufficient to satisfy the defendants' burden of proving that no genuine issues of fact exists and, thus the burden shifted to the plaintiff.
In opposition to the defendants' motion for summary judgment, the plaintiff attached the following: (1) excerpts from the deposition of the plaintiff, (2) a Renewal Application for an alcohol license by Caddyshack, (3) a purchase agreement for movable property in the Caddyshack, (4) Joint Stipulations filed by the plaintiff, (5) Bill of Sale for the peanut machine, (6) excerpts from the deposition of Phillip Gattuso, (7) pictures of the vending machine in the Caddyshack, taken after the accident, (8) affidavit of plaintiff, and (9) affidavit of Dr. Martin Kaufman. The plaintiff argues on appeal that the trial court disregarded the plaintiffs deposition testimony, affidavit and the photograph of the machine in the Caddyshack and that there was "spoliation" of the machine because defendants failed to produce it, which created a presumption that the condition was unfavorable to the defendants.
First, we find there was no "spoliation" of the machine. The plaintiff did not seek production of the machine through discovery until after the hearing on the motion for summary judgment and after the judgment was rendered by the trial court. Therefore, we find no "spoilation" and no presumption that the condition of the machine was unfavorable to the defendants.
Further, we have reviewed the materials submitted by the plaintiff and find that the plaintiff has failed to produce any evidence that would satisfy her burden of proving that the defendants created an unreasonable risk of harm.
Finally, we amend the trial court's judgment rendered on July 16, 2001 to grant summary judgment in favor of all three defendants, Gattuso, Loftis and Fayard. The trial court's Reasons for Judgment rendered on July 16, 2001 granted summary judgment in favor of all three defendants. However, the Judgment rendered on that same date obviously contained a typographical error because it stated it was granting "defendant's" summary judgment, indicating only one defendant. The trial court could have corrected *127 this typographical error pursuant to La.C.C.P. art.1951. The trial court did not make such a correction. Therefore, we have the authority to make the correction pursuant to La. C.C. P. art. 2164. Thus, we affirm the trial court's judgment and amend it ordering "that defendants' Motion for Summary Judgment is hereby granted."
Based on the above, we find there are no genuine issues of material fact. Accordingly, the trial court correctly granted the defendants' motion for summary judgment.
AFFIRMED; JUDGMENT AMENDED.