558 So.2d 772 (1990)
Susan H. Neathamer, Wife of/and James D. MANDERS
v.
Nicole SINGLETON, et al.
No. 89-CA-662.
Court of Appeal of Louisiana, Fifth Circuit.
March 14, 1990.
*773 Douglas L. Uzee, Jr., Marrero, for Susan H. Neathamer, wife of/and James D. Manders, plaintiffs-appellants.
Margot A. Tillman-Fleet, Deputy Gen. Counsel, Louisiana Dept. of Educ., Baton Rouge, for Louisiana Dept. of Educ., defendant-appellee.
Before CHEHARDY, C.J., and BOWES and GAUDIN, JJ.
CHEHARDY, Chief Judge.
Plaintiffs appeal from the summary judgment dismissal of the Louisiana Department of Education as a tort defendant in this suit. We reverse.
Plaintiff, Susan H. Neathamer, was employed as a physical education teacher at Livaudais Junior High School in Jefferson Parish, Louisiana. On February 25, 1987 during her second period physical education class she injured her back while attempting *774 to break up a fight between two female students.
Neathamer and her husband, James D. Manders, sued the students and their parents, claiming that during the fight, Nicole Singleton accidentally or intentionally fell against Neathamer and knocked her down.
Plaintiffs sued the Jefferson Parish School Board and the Louisiana Department of Education, "Department". They contended that when the fight broke out there were 63 students in Neathamer's class, despite the Louisiana Handbook for School Administrators dictate that the maximum size for health and physical education classes in grades K through 8 shall be 40 students. Plaintiffs claimed that the large size of the class directly contributed to the fight and Neathamer's injury.
At its motion for summary judgment, the Department argued that it had fulfilled the duty owed to Neathamer with respect to maximum class size. Mover introduced annual school reports to show that excess class size, identified in 1985, had been reduced as of September, 1986. In opposition to the motion plaintiffs argued that the Department had granted the School Board a waiver, which effectively permitted additional class enrollment.
The district judge found in favor of the Department, reasoning that plaintiffs had not produced evidence in the form of a counter-affidavit to verify their allegations of excess class size. On appeal, plaintiffs argue that where the record contains no affidavit by mover, they are not obliged to file a counter affidavit. They reurge the contention that certain material issues of fact preclude the grant of summary judgment. We agree.
The well-settled rule is that a motion for summary judgment is granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La.1981). Mover must show clearly that there are no disputed issues of fact; any reasonable doubt as to their existence is resolved against mover and in favor of trial on the merits. Indus. Sand and Abrasives v. L. & N.R. Co., 427 So.2d 1152 (La.1983). A fact is material if its existence or non-existence may be essential to a plaintiff's cause of action under the applicable theory of recovery. Material facts are those which potentially insure or preclude recovery, affect a litigant's ultimate success or determine the outcome of the legal dispute. Penalber v. Blount, 550 So.2d 577 (La.1989).
The court must test the efficacy of the motion for summary judgment by closely scrutinizing the mover's pleadings, while treating those of the opposing party indulgently. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). Summary procedure must be used cautiously and sparingly. Judgment can be granted only when reasonable minds must inevitably conclude that mover is legally entitled to judgment on the facts before the court. Lucey v. Harris, 490 So.2d 416 (La.App. 5 Cir.1986).
The district court's grant of summary judgment was based on plaintiffs' failure to adequately rebut the Department's proof. With all due respect, we believe that the district judge's decision was based on assumptions rather than uncontested facts and that he misapplied the statutorily imposed burden of proof on the motion.
LSA-C.C.P. art. 967 provides in pertinent part:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided *775 above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
The party opposing the motion for summary judgment is not in every instance required to file a counter-affidavit or other receivable evidence. The court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not the motion must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that material facts are still at issue; only at this point may he no longer rest on the allegations and denials contained in his pleadings. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Parker v. Sears, Roebuck & Co., 418 So.2d 1361 (La.App. 2nd Cir.1982), on rehearing. Here the supporting documents in question were not sufficient to resolve all material fact issues and the trial judge erred in granting the motion for summary judgment.
Plaintiffs' claim against the Department is grounded in negligence, and liability if any is founded on the duty-risk analysis. LSA-C.C. art. 2315. Plaintiffs claim that the excess number of students in the physical education class on February 27, 1987 was the legal cause of the fight and Neathamer's injury, and that the Department breached a duty to Neathamer, to limit the class size, which encompassed the risk to which she was exposed and the harm which she encountered. Dixie Drive It Yourself Sys. v. American Beverage Co., 137 So.2d 298 (La.1962).
In response to these allegations, the Department admitted its obligation to monitor the class size of public schools within its jurisdiction. LSA-R.S. 17:1 et seq. Mover argued that it fulfilled its duty toward Neathamer by: receiving annual school reports, certifying violations, and receiving verification that the irregularities were corrected. In support of the motion mover submitted: (1) an October 10, 1985 Accreditation On-Site Review Report reflecting that some of the classes at Livaudais Junior High School exceeded the prescribed maximum enrollment; (2) a 1985-1986 Annual School Program Report, reflecting the number of students enrolled and teachers employed, certified as accurate September 20, 1985 by Livaudais principal William Sumrall; (3) a January 9, 1986 letter from the Livaudais Assistant Principal to "Mr. Genco" stating that physical education classes would thereafter contain no more than 40 students; (4) a 1986-1987 Annual School Report reflecting the number of students enrolled and teachers employed, and stating that Livaudais Junior High School was in compliance with the policies and standards set forth in Bulletin 714, certified as accurate September 17, 1986 by Principal Sumrall; and (5) a 1986-1987 Regular Education Class Sheet, undated, indicating that the number of students in each of Neathamer's five classes totalled 40 or less. The attestations of total school enrollment notwithstanding, we find these documents were evidentiary insufficient to support the grant of summary judgment. Landry v. Stein, 497 So.2d 1075 (La.App. 5 Cir.1986); Continental Casualty Company v. McClure, 313 So.2d 260 (La.App. 4th Cir.1975).
Moreover, these documents did not resolve the existing material issues of fact. The Department did not introduce a certified document or verified statement reflecting the number of students enrolled or present in Neathamer's second period physical education class on February 25, 1987. Nor did mover produce the Louisiana Handbook for School Administrators, on which it relied in memorandum to limit its obligation to monitor class enrollment, and its duty toward Neathamer. The record reflects that the following questions of fact remain unanswered: How many students were enrolled in the second period physical education class on February 25, 1987? If the number exceeded the maximum allowed, was the Department or should it have been aware of this non-compliance? What action should the Department have *776 taken? Did the number of students present in the class cause or contribute to the fight in which Neathamer was injured? Resolution of these material facts will substantially affect the validity of plaintiffs' claim against the Department. Only after establishing these facts can the trial judge decide whether the number of students in the class when the fight occurred was a cause in fact of the harm Neathamer suffered and whether the Department was under a duty to protect against a particular risk involved. Because reasonable minds could differ as to whether the Department is legally entitled to dismissal from the suit, summary judgment in its favor at this stage is inappropriate.
The judgment of the district court in favor of the Louisiana Department of Education is reversed and the case is remanded for further proceedings. Costs of the appeal are referred to the merits.
REVERSED AND REMANDED.