678 So.2d 580 (1996)
Kandina WALKER and Lawrence Walker
v.
Virgil KROOP, Sr., United Cab Company and Patterson Insurance.
No. 96-CA-0618.
Court of Appeal of Louisiana, Fourth Circuit.
July 24, 1996.
*582 Bernard, Cassisa & Elliott, B. Frank Davis, Howard B. Kaplan, Metairie, for Defendant/Appellee.
Danatus N. King, New Orleans, for Plaintiffs/Appellants.
Before BARRY, BYRNES and MURRAY, JJ.
BYRNES, Judge.
Mr. and Mrs. Lawrence Walker (Walker[1]) appeal the summary judgment dismissal of their damage claims against United Cabs, Inc. (United) arising out of an intersectional collision between their vehicle and a United taxicab driven by Virgil Kroop, Sr.
For the following reasons, we set aside the summary judgment and remand.
The accident occurred on March 24, 1995 at the intersection of Bienville Street and North Claiborne Avenue. Lawrence Walker was travelling southbound on Bienville Street when the cab driven by Virgil Kroop, Sr., travelling west on North Claiborne, hit his vehicle broadside. The police report of the incident indicates that Kroop ran the red light.[2]
Walker filed a negligence suit against Kroop, sued United alleging that United "supervised the activities of defendant Kroop", and made Patco Assurance Company a defendant, as United's insurer.
United filed a motion for summary judgment denying liability and arguing that Kroop was neither its employee nor agent, but an independent contractor over whom United exercised no control. The trial court granted the motion and dismissed Walker's claims against United. This appeal followed.
Summary judgments are reviewed on appeal de novo. Smith v. Our Lady of the Lake Hospital, 93-2512 (La. 7/5/94), 639 So.2d 730. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. McCrae v. Hankins, 720 F.2d 863, 865 (5th Cir.1983). In determining whether an issue is "genuine," courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. Simon v. Fasig-Tipton Co. of New York, 524 So.2d 788, 791 (La.App. 3 Cir.), writs denied, 525 So.2d 1048, 1049 (La.1988). "Formal allegations without substance should be closely scrutinized to determine if they *583 truly do reveal genuine issues of fact." Brown v. B & G Crane Service, Inc., 172 So.2d 708, 710 (La.App. 4 Cir.1965). "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." South Louisiana Bank v. Williams, 591 So.2d 375, 377 (La.App. 3 Cir. 1991), writs denied, 596 So.2d 211 (La.1992) Simply put, a "material" fact is one that would matter on the trial on the merits.
Procedurally, the court's first task on a motion for summary judgment is determining whether the moving party's supporting documentspleadings, depositions, answers to interrogatories, admissions and affidavitsare sufficient to resolve all material factual issues. LSA-C.C.P. art. 966(B).[3]
United argues that:
1. The recent amendments to the summary judgment article LSA-C.C.P. art. 966 apply to this case; and
2. the effect of these amendments is to require that summary judgment be granted to United based on the failure of Walker to file countervailing affidavits.
We need not decide the effective date of the amendments to LSA-C.C.P. art. 966, nor need we determine the extent of the retroactivity of those amendments, as we find that other than the new language found in paragraph "D" of LSA-C.C.P. art. 966 as amended concerning the timing of the hearing and the timing of the rendering of judgment, there is no new law in spite of all the new language. Where burdens of proof and genuine issues of material fact are concerned, the amendments are merely declarative of existing law, i.e., the burden is still on the mover under LSA-C.C.P. art. 966 as amended to first show "that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law..." Only after the mover has met this initial burden may summary judgment be rendered against "an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim..." The amendments make no changes in the definition of the operative summary judgment terms "genuine issue" and "material fact." Therefore, we are still bound by the *584 pre-amendment jurisprudence in defining and applying those terms. And we are still bound by the pre-amendment jurisprudence in placing the burden of proof on the moving party and all that that implies. This represents no change in the law.
But United notes that the amendments to LSA-C.C.P. art. 966 state that summary judgment is favored "and shall be construed to accomplish these ends." United argues that this new language compels this Court to rule in its favor in this case. However, as was stated in the previous paragraph the burden of proof remains on the moving party; and the question this Court must decide each time we perform a de novo review of a summary judgment remains just as it was prior to the recent amendments: Is there a genuine issue of material fact? If this Court finds there is a genuine issue of material fact, we are compelled to reject summary judgment just as we did prior to the recent amendments, regardless of how much the procedure may be favored.
The new amendment declaring that summary judgment is favored can in no way change the outcome as long as the burden of proof and all that that implies remains on the mover and the standard remains one of genuine issue of material fact.
The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case showing that there are no genuine issues of material fact. Manders v. Singleton, 558 So.2d 772, 775 (La.App. 5 Cir.1990). Where the moving party fails to show that there are no genuine issues of material fact, the adverse party may rest on mere allegations or denials contained in his pleadings. Downtown Parking Service, Inc. v. Hyman, 93-1803 (La.App. 4 Cir. 3/15/94), 635 So.2d 282, 284, writ denied 94-1519 (La. 9/23/94), 642 So.2d 1298. As the recent amendments to LSA-C.C.P. art. 966 merely declare legislatively what has long been the jurisprudential rule placing the burden on the moving party until that party first makes a prima facie case, it makes no difference whether we rely on previous cases such as Manders and Downtown Parking Service or cite the amended LSA-C.C.P. art. 966.
Under La.C.C. art. 2320, "[M]asters and employers are answerable for the damage occasioned by servants and overseers, in the exercise of the functions in which they are employed." Alexander v. Rivers, 560 So.2d 999 (La.App. 4 Cir.1990). A principal may be liable for its agent's actions. La.C.C. art. 2985; Anderson Window & Patio Company, Inc. v. Edward Dumas, 560 So.2d 971 (La.App. 4 Cir.1990). The right of control and supervision, selection and engagement, payment of wages, and the power of dismissal determines whether an "employee" status exists. Ermert v. Hartford Insurance Co., 559 So.2d 467 (La.1990). An employee has a close relationship and is subject to control by the employer. An employee offers personal services for a price and is an integral part of the employer's business. Blanchard v. Ogima, 253 La. 34, 215 So.2d 902 (1968). The most important test involves the employer's control over the work. Whether the employer exercises control or supervision over the movements and services rendered by the employee is not determinative. The crucial question centers on the employer's right to exercise control. Tardo v. New Orleans Public Service Inc., 353 So.2d 409 (La.App. 4 Cir.1977), writ denied 355 So.2d 267 (La. 1978).
In support of its motion for summary judgment United offered the affidavit of its manager, Victor Ruffino. Mr. Ruffino stated that he has held the position of manager for "a number of years"; is familiar with United's corporate records and that:
On March 24, 1995 United Cabs, Inc. did not own any vehicles. On March 24, 1995 United Cabs, Inc. did not own any certificates of public necessity and convenience as issued by the City of New Orleans. The vehicles associated with the United Cab fleet are not owned by United Cabs, Inc., nor are the drivers of those vehicles salaried employees of United Cabs, Inc. [Emphasis added.]
Based on this affidavit by Mr. Ruffino, United in its brief alleges that it:
[D]oes not now nor has it ever:
1. Owned any taxicabs;

*585 2. Owned any Certificates of Public Necessity and Convenience ... which are necessary to operate a taxicab;
3. Employed any taxicab drivers;
4. Paid any compensation to taxicab drivers;
5. Controlled the movements of taxicab drivers associated with United Cabs, Inc. [Emphasis added.]
Mr. Ruffino's affidavit is not sufficient to establish the truth of the highlighted allegations. United alleges that it paid no compensation to the taxicab drivers, but that is a far broader claim than the more modest allegation in Mr. Ruffino's affidavit which merely states that the drivers were not salaried employees. Mr. Ruffino's affidavit does not preclude the possibility of compensation in a form other than salary, e.g., commissions of some type. Moreover, Mr. Ruffino's affidavit makes no reference to United's control over the movements of the drivers. Neither does Mr. Ruffino's affidavit contradict the possibility of some other forms of control over those drivers that might suggest the existence of an employment or other form of relationship that might give rise to liability on United's part for any damages for which Kroop is held responsible. Nor, conversely, does the affidavit suggest facts sufficient to conclude the existence of an independent contractor relationship as alleged by United.
Likewise, the written reasons for judgment of the trial court refer to similar facts which the trial court in those reasons state "were supported by the affidavit of Victor Ruffino" when in fact Ruffino's affidavit is legally insufficient to provide such support.
As it is, United has failed to show that there is no genuine issue of material fact on the question of an employment/agency/control relationship between United and Kroop. Therefore, there was no necessity for the plaintiffs to offer countervailing affidavits. Even if we were to hold that the new amendments to LSA-C.C.P. art. 966 apply to this case, those amendments do not purport to alter the longstanding rule that this Court is admonished not to grant summary judgment merely because we believe that it is unlikely that the plaintiff will succeed after a trial on the merits.[4]
In short, on the question of employment, Mr. Ruffino's affidavit is merely conclusory in nature and does not contain sufficient allegations of fact to shift the burden to plaintiffs. Ultimate facts and conclusions of law contained in supporting affidavits cannot be considered in granting a motion for summary judgment. Urbeso v. Bryan, 583 So.2d 114, 116 (La.App. 4 Cir.1991). Had Mr. Ruffino's affidavit attested to the allegations made by United, United's claim to summary judgment would be much more persuasive. Argument of counsel and briefs, no matter how artful, are not sufficient to dispel a genuine issue of material fact.
Nothing in the record fully explains United's business operations; its dealings with its drivers; or conclusively negates Walker's assertion of an employment/agency/control status between United and Kroop. It is not sufficient for United to argue the existence or non-existence of these issues in briefs or memoranda. United needed to support its position by way of affidavit or other evidence admissible on motion for summary judgment. Its failure to do so adequately is fatal to its motion for summary judgment. Since United bears the burden of proving that there are no genuine issues of fact which would preclude the grant of summary judgment and because the relationship between Kroop and United is crucial to the question of liability, we remand this matter for the purpose of obtaining additional evidence regarding the nature of United's relationship with its drivers.
Accordingly, the judgment of the trial court granting summary judgment in favor of United is set aside and the matter is remanded for the purpose set out above consistent with the views herein expressed.
*586 JUDGMENT SET ASIDE; CASE REMANDED.
BARRY, J., concurs with reasons.
BARRY, Judge, concurring.
There are genuine issues of material fact and summary judgment was improper under the former or amended La.C.C.P. art. 966.
I do not agree with the majority's analysis. Amended La.C.C.P. art. 966 presents several issues, i.e., whether the changes are procedural or substantive, whether the amended article is applicable to this matter, whether the mover's initial burden has changed because summary judgments are now favored, and whether the opponent's burden has changed under the amended La.C.C.P. art. 966(C).
I concur in the result.
NOTES
[1] Mrs. Walker was not a passenger in the vehicle at the time of the collision. Her causes of action are derivative from her husband.
[2] The police report attributes the cause of the accident to insulin shock which rendered Kroop unconscious.
[3] C.C.P. art. 966 has undergone recent legislative amendment. (1996 La.Sess.Law Serv. 1st Ex. Sess.Act 9 (S.B. 27) (West)). The article now provides (highlighted portions indicate recent supplementation):

A. (1) The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
(2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
B. The motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted against an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim, actions, or defense and on which he will bear the burden of proof at trial.
D. The court shall hear and render judgment on the motion for summary judgment within a reasonable time, but in any event judgment on the motion shall be rendered at least ten days prior to trial.
E. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
F. A summary judgment may be rendered on the issue of insurance coverage alone although there is a genuine issue as to liability or the amount of damages.
G. Notwithstanding any other provision of this Article to the contrary, the burden of proof shall remain with the mover.
Section 2. This Act shall become effective upon signature by the governor or, if not signed by the governor, upon expiration of the time for bills to become law without signature by the governor, as provided in Article III, Section 18 of the Constitution of Louisiana. If vetoed by the governor and subsequently approved by the legislature, this Act shall become effective on the day following such approval.
Approved May 1, 1996.
[4] The fact that a party is unlikely to prevail at a trial on the merits is an insufficient basis for rendering a summary judgment against that party. Chapeuis v. Cassimano, 568 So.2d 606 (La. App. 4th Cir.1990), writ denied 571 So.2d 629. This is true no matter how small the chances of the party opposing the motion to ultimately prevail appear to be. Dearie v. Ford Motor Co., 583 So.2d 28, writ denied 588 So.2d 1117 (1991).