liGREMILLION, Judge.
The issues in this matter are whether the employees of an insured have standing to challenge the validity of a rejection of uninsured motorist (UM) coverage by the insured, and whether the rejection form was valid. The trial court granted summary judgment in favor of the defendant, Reliance National Indemnity Company, the insurer of the employer, Venture Transport, Inc., finding, that although the rejection form was inadequate under the law, the employees, Lonnie Abshire and Marlene Abshire (the plaintiffs), lacked standing to challenge it. The plaintiffs’ motion for summary judgment was denied. We reverse the trial court’s judgment as to both motions, render judgment in favor of the plaintiffs, and remand the matter for further proceedings.
FACTS
The plaintiffs (no relation), employees of Venture, were injured when |2the company-owned truck Marlene was driving was struck by an underinsured driver. On February 25, 1997, the plaintiffs filed suit against Reliance seeking to recover those damages which were in excess of the underinsured driver’s policy limits under Venture’s UM policy. Reliance answered alleging that the plaintiffs failed to state a cause of action for which relief could be granted, and filed a motion for summary judgment on the issue of UM coverage. It stated that Venture had been offered but rejected UM coverage in its insurance policy, and submitted the affidavit of Kenneth Cefalu, Venture’s chief financial officer, in support of its motion. The plaintiffs also filed a motion for summary judgment alleging that the UM rejection form is inadequate and the insurance policy issued by Reliance to Venture provides UM coverage up to $1,000,000.00.
Following a hearing on the motions, the trial court held that although the UM rejection form was inadequate and failed to “comport with the requirements of law,” the plaintiffs lacked standing to challenge it. The trial court denied their motion for summary judgment and granted judgment in favor of Reliance. A judgment was signed on August 8,1997. This appeal followed.
ISSUES
The plaintiffs specify two errors on appeal. They allege that the trial court erred in *415 ruling that an omnibus insured lacked standing to make a claim for UM coverage and to oppose á defense to that claim based upon a purported rejection of coverage. They further claim that the trial court erred by failing to grant their motion for summary judgment déspite its finding that the UM coverage rejection form was invalid.
I -¡SUMMARY JUDGMENT
Following the amendment of the summary judgment law, summary judgment is now favored. It shall be used to “secure the just, speedy, and inexpensive determination” of all actions, except those excluded by La. Code Civ. P. art. 969. La. Code Civ.P. art. 966(A)(2). The legislature’s 1997 amendment, effecting change in the summary judgment law, is procedural and is to be applied retroactively. Kumpe v. State, 97-386 (La. App. 3 Cir. 10/8/97); 701 So.2d 498. The trial court is required to render summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. Code Civ.P. art. 966(B). When faced with a motion for summary judgment supported by affidavits based on personal knowledge made by persons competent to testify on the matter, the opposing party cannot rest on his pleadings but must respond by affidavits, deposition testimony, or interrogatory answers that enumerate specific facts showing a genuine issue exists for trial. La.Code Civ.P. art. 967. Finally, it is well settled that the appellate review of summary judgment is de novo, applying the same standard as the trial court.' Accordingly, we undertake a de novo review of the matter at bar.
ASSIGNMENT OF ERROR NUMBER ONE
The first issue which must be addressed is whether the plaintiffs have standing to challenge the validity of the UM rejection form. The trial court held that they did not. Reliance argued that they lacked standing because they were excluded from coverage via exclusions pertaining to workers’ compensation and fellow ^employees contained within the liability portion of the insurance policy. The plaintiffs argue that they are “omnibus insureds” under the policy and that the exclusions at issue pertain only to the liability portion of the policy and not to the ÜM coverage portion.
After reviewing the record, we find that the trial court erred in granting Reliance’s motion for summary judgment on the grounds that the plaintiffs lacked standing to attack the validity of the UM rejection form. We base this finding on the fact that there is no evidence in the record to support Reliance’s position that the plaintiffs come under the exclusions contained in the liability portion of Venture’s policy. The only statements that support its position that the plaintiffs are employees of .Venture and that they were in the course and scope of their employment at the time of the accident are the allegations contained in its. memoranda in support of its motion and its brief on appeal. There is nothing in its answer establishing that the plaintiffs are employees of Venture, and it failed to file any other evidence, such as affidavits, depositions, or answers to interrogatories in support of its position. Thus, we find that Reliance failed to prove that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.[1] Finding merit in this assignment of error, we reverse the trial court’s judgment granting summary judgment in favor of Reliance.
ASSIGNMENT OF ERROR NUMBER TWO
In their second assignment of error, the plaintiffs argue that the trial 15court erred in failing to grant their motion for summary judgment despite its finding that the UM. rejection form executed by Venture was invalid. In its minute entry, the trial- court found that the rejection executed by Venture *416 was inadequate and did not comport with the law. However, because it held that the plaintiffs lacked standing to attack it, the trial court denied their motion for summary-judgment. Having found that Reliance failed to prove the plaintiffs lacked standing, we must address whether the UM rejection form was valid.
Pursuant to La.R.S. 22:1406(D)(l)(a)(i), all automobile liability insurance policies issued in this state must provide UM coverage in an amount no less than the bodily injury liability limits unless such coverage is rejected by the insured in writing or lower limits are selected. The objective of the UM legislation is to promote full recovery for innocent automobile victims by making UM coverage available for their benefit. Willett v. National Fire and Marine Ins. Co., 594 So.2d 966 (La.App. 3 Cir.), writ denied, 598 So.2d 355 (La.1992). In order to discharge that objective, the statute is to be liberally construed and the statutory exceptions to the coverage requirement strictly construed. Exclusions from UM coverage must be clear and unmistakable. Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992). Thus, the insurer bears the burden of proving any insured named in the policy rejected in writing UM coverage equal to the bodily injury limits contained in the policy or selected lower limits. Henson v. Safeco Ins. Companies, 585 So.2d 534 (La.1991).
In order to carry its burden of proof, the insurer must prove that the insured validly rejected UM coverage on a form which allowed the insured to make La meaningful selection from among the options provided by La.R.S. 22:1406(D)(l)(a)(i), which are (1) UM coverage with limits equal to the policy’s bodily injury limits, (2) UM coverage with limits lower than the policy’s bodily injury limits, and (3) rejection of UM coverage. Longo v. Bercegeay, 96-1129, 96-1130 (La.App. 3 Cir. 3/5/97); 692 So.2d 531. A valid rejection occurs if the insured or his authorized representative expressly states in a document that UM coverage is rejected or selected in lower limits. Tugwell, 609 So.2d 195; Deville v. Allstate Ins. Co., 96-161 (La.App. 3 Cir. 10/9/96); 688 So.2d 1122. A form used by an insurer will not meet statutory requirements if it fails to inform an insured of an available option or forecloses an available option. Daigle v. Authement, 96-1662 (La.4/8/97); 691 So.2d 1213. However, if an insured is only purchasing the minimum bodily injury limits allowed by law, then the insurer need only inform the insured of the remaining two options, either rejection or selection of UM coverage. Id.
The UM rejection form used by Reliance is as follows:
UNINSURED MOTORISTS REJECTION/ACCEPTANCE ENDORSEMENT
In consideration of the premium charged, it is agreed that the limits of the Uninsured Motorist Insurance have been elected and accepted by the named insured:
A. $20,000 Bodily Injury Only (Uninsured/Underin-sured Cvg. Incld.)
B. $ Bodily Injury and Property Damage
C. $ (OPTIONAL) _
D. REJECTED
After reviewing this form, we find that it fails to satisfy the requirements of La.R.S. 22:1406. Under SECTION II — LIABILITY COVERAGE, the policy provides:
|7RegardIess of the number of covered “autos”, “insureds”, premiums paid, claims made or vehicles involved in the “accident”, the most we will pay for the total of all damages and “covered pollution cost or expense” combined, resulting from any one “accident” is the Limit of Insurance for Liability Coverage shown in the Declarations.
The declarations page states that the limits that Reliance will pay for any one accident or loss is $1,000,000.00. Thus, Reliance was required to inform Venture that it could select UM coverage in an amount equal to $1,000,000.00, an amount less than $1,000,-000.00, or reject UM coverage completely. Reliance’s rejection form failed to do so and, as such, is invalid. Although Reliance introduced the affidavit of Cefalu for the purpose of showing that he rejected UM coverage on *417 behalf of Venture, this does not constitute a valid rejection since the written rejection failed to satisfy the requirements of La.R.S. 22:1406. Wilkinson v. Louisiana Indemnity-Patterson Ins., 96-0447 (La.App. 1 Cir. 11/8/96); 682 So.2d 1296, writ denied, 96-2920 (La.6/13/97); 696 So.2d 964. The judgment of the trial court denying the plaintiffs’ motion for summary judgment is reversed.
CONCLUSION
For the foregoing reasons, the judgment of the trial court granting Reliance National Indemnity Company’s motion for summary judgment is reversed. The judgment of the trial court denying Lonnie Abshire’s and Marlene Abshire’s motion for summary judgment is also reversed and judgment in rendered in their favor. This matter is remanded back to the trial court for further proceedings. The costs of this appeal are assessed to Reliance National Indemnity Company.
REMANDED AS REVERSED AND RENDERED.

. We further note that Reliance has filed a "Sur-reply Brief” containing the affidavit of the claims coordinator for Venture. Although this affidavit contains information which may have lead to a different result, we note that it was not admitted into evidence before the trial court. Thus, we will not consider it on appeal.