JPLOTKIN, J.
The sole issue presented by this appeal is the sufficiency under Louisiana law of the uninsured motorist (UM) rejection form contained by the North American Indemnity Co. (NAIC) excess insurance policy purchased by plaintiff Wyane Encalarde. Ms. Encalarde appeals a trial court judgment entering summary judgment in favor of defendant Louisiana Insurance Guaranty Association (LIGA), which has been substituted for the insolvent NAIC. We reverse the summary judgment and remand for further proceedings.

Facts

Ms. Encalarde purchased an excess insurance policy from NAIC with limits of $90,000 per person, $280,000 per accident, and $40,-000 for property damage. When the policy was purchased, the application form reproduced below was filled out, either by Ms. Encalarde or,'more likely, by the insurance company representative:
*500 [[Image here]]
_|After the purchase of the policy, Ms. En-cá&de allegedly suffered injury as a result of a September 28, 1992, automobile accident which occurred on Navarre Avenue in the *501 City of New Orleans. Ms. Enealarde filed suit against the other driver, Carey Bock, and against the insurer of the owner of the other vehicle, USAA Property and Casualty Insurance Co. After settling with Bock and USAA, Ms. Enealarde added both her primary insurer, Imperial Fire and Casualty Insurance Co., and LIGA as additional defendants. In naming LIGA, Ms. Enealarde alleged liability under the excess policy for the obligations of NAIC, which had become insolvent. LIGA filed a motion for summary judgment, based on Ms. Encaiarde’s waiver of UM coverage at the time the NAIC insurance policy was purchased. The trial court entered summary judgment in favor of LIGA; Ms. Enealarde appeals.

Standard for deciding motion for summary judgment

Appellate courts review summary judgment decisions de novo. Walker v. Kroop, 96-0618 (La.App. 4 Cir. 7/24/96), 678 So.2d 580, 583. The appellate court, like the trial court, should uphold a summary judgment decision only when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law.” LSA-C.C.P. art. 966(B). “Facts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute.” Id. (citation omitted).
^Louisiana Code of Civil Procedure article 966 was amended in 1996 to state that summary judgments are favored. The article was amended again in 1997 to clarify issues concerning the movant’s burden of proof. Subparagraph C(2) now provides as follows:
The burden of proof remains with the mov-ant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
LSA-C.C.P. art. 966 C(2).
This Court explicated the 1997 amendment to La.C.C.P. article 966 in Cressionie v. Liberty Mutual Insurance Co., 98-0534 (La.App. 4 Cir. 4/8/98), 1998 WL 169988, 711 So.2d 364, stating as follows:
Proeedurally, under the 1997 amendments to the summary judgment law, La. C.C.P. art. 966, a court’s first task on a motion for summary judgment remains the same — to determine whether the moving party’s supporting documents — pleadings, depositions, answers to interrogatories, admissions and affidavits — are sufficient to resolve all material factual issues. La. C.C.P. art. 966(B). If the court finds that a genuine issue of material fact exists, summary judgment must be denied. Walker v. Kroop, 96-0618 (La.App. 4 Cir. 7/24/96), 678 So.2d 580, 584.
However, if the court finds, based on the evidence presented by the movant, that no genuine issues of material fact exist, the party opposing the motion for summary judgment is required to “produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial.” La.C.C.P. art. 966(C)(2). In meeting his burden of proof, the movant is expressly not required “to negate all the essential elements of the adverse party’s claim, action or defense,” but only “to point out to the court that there is an absence of factual support for one or more elements.” Id. Once the movant has met his burden and the burden shifts to the party opposing the motion, the non-moving party is not allowed to rely on the allegations of his pleadings in opposition to a properly-supported motion for summary judgment. Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/18/96), 684 So.2d 488.
\-Jd. at 3.
In the instant appeal, the facts are not disputed. The only question is an issue of *502 law — i.e., whether LIGA is entitled to judgment as a matter of law. That issue turns on whether the above application form meets the requirements to constitute a valid rejection of UM coverage under Louisiana law.

Rejection of UM coverage

LSA-R.S. 22:1406(D)(l)(a)(i), relative to UM insurance coverage, provides, in pertinent part, as follows:
No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle designed for use on public highways and required to be registered in this state or as provided in this Subsection unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death resulting therefrom; however, the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing, as provided herein, the coverage or selects lower limits.
Citing the above provision, Ms. Encalarde argues that the application form reproduced above permitted her to waive UM coverage, a significant right guaranteed by Louisiana statutory law, without informing her of the nature or existence of the right as required by jurisprudential interpretations of LSA-R.S. 22:1406(D)(l)(a)(i). Specifically, Ms. Encalarde claims that the form does not adequately advise her of her right to choose lower limits than the bodily injury liability limits. Moreover, she claims that the form failed to inform her of her right to UM coverage unless she affirmatively rejects such coverage.
bThe Louisiana Supreme Court has held that UM rejection forms must be in writing and must be signed by the insured. Tugwell v. State Farm Insurance Co., 609 So.2d 195, 197 (La.1992). Moreover, insurers are required to “place the insured in a position to make an informed rejection of UM coverage.” Id. The court has also placed the burden on the insurer to give the insured the opportunity to make a “meaningful selection” from the three options allowed by statute: (1) UM coverage equal to bodily injury limits in the policy; (2) UM coverage lower than the bodily injury limits in the policy, and (3) no UM coverage. Id. Ms. Encalarde claims that she was not adequately informed of these options by the form at issue.
The most recent Louisiana ease on this issue is Abshire v. Reliance National Indemnity Co., 97-1498 (La.App. 3 Cir. 4/15/98), 711 So.2d 413. In that case, the court held that the following UM rejection form fails to satisfy the requirements of LSA-R.S. 22:1406(D)(l)(a)(i):
UNINSURED MOTORISTS REJECTION/ACCEPTANCE ENDORSEMENT
In consideration of the premium charged, it is agreed that the limits of the Uninsured Motorist Insurance have been elected and accepted by the named insured:
A. $20,000 Bodily Injury Only (Uninsured/Underinsured cvg. Incld.)
B. $ Bodily Injury and Property Damage
C. $ (OPTIONAL)_
D. REJECTED
Id. at 416. The court found that insurers are required to inform insured persons of their rights to choose UM coverage in an amount equal to the liability policy limits, an amount less than the UM policy limits, or to reject. Id.
_JrIn the instant case, LIGA claims that Ms. Encalarde’s intention to reject UM insurance is shown in three ways: (1) her failure to check the box next to “Uninsured Motorist” with the limits of $10,000/20,000, (2) the absence of any itemized premium amount for UM, and (3) her signature on the rejection form at the bottom of the page. LIGA claims that Ms. Encalarde’s failure to select UM coverage in the lowest possible amount — $10,000/20,000—is conclusive evidence that she would have rejected any amount of UM coverage.
We find that the application form reproduced above, like the form in Abshire, is *503 insufficient to meet the statutory requirements. In fact, the form in question in the instant case provides even less information concerning the insured’s choices concerning UM coverage than did the form in Abshire. Moreover, the print is so tiny in the UM rejection section that most people would have difficulty reading it. The insurer has the burden of showing that the insured was given the opportunity to make a “meaningful selection” from among her options. The evidence presented by LIGA on this issue is insufficient to carry that burden.

Conclusion

Accordingly, the summary judgment in favor of LIGA is reversed. The case is remanded to the trial court for further proceedings consistent with this decision.
REVERSED.