11 BAGNERIS, Judge.
This appeal arises out of a suit for damages for personal injuries and property damage allegedly sustained by Plaintiff-Appellant, Lucas Gagliano (“Gagliano”) due to a motor vehicle accident that occurred between Gagliano and the Defendant-Appellee, Elizabeth Gosling (“Gosling”). At the time of the accident, State Farm Mutual Automobile Insurance Company (“State Farm”) was the insurer of Gosling. Counsel for Gosling and State Farm filed a Motion for Summary Judgment, contending that Gosling was not negligent because the accident was unavoidable or inevitable. Counsel also argued in the alternative that Gosling was not negligent because her conduct fell within the ambit of the sudden emergency doctrine. A hearing on this Motion for Summary Judgment was held in First City Court on November 5, 1998. The trial court granted Gosling and State Farm’s Motion for Summary Judgment, finding that there “was no negligence on the part of the defendant”.
On appeal, Gagliano alleges that the trial court erred in granting Gosling and State Farm’s Motion for Summary Judgment. Gagliano makes the following contentions:
|21. The trial court erred in applying, if it did, the Doctrine of Sudden Emergency; and
2. The trial court erred in applying, if it did, the Doctrine of Inevitable or Unavoidable Accident.
*49 After a de novo review of the record, we find that genuine issues of material fact exist. Therefore, we reverse and remand this matter to the trial court for further proceedings.

STATEMENT OF FACTS

On August 26, 1994, at approximately 9:00 pm, Gosling was traveling westbound on I — 10. Gosling was traveling in the right lane at 56 miles per hour. Gagliano was also traveling westbound on I — 10 at this time, and he was traveling in the middle lane. There were no streetlights in this area. Rather, the moon provided the only illumination.
A large alligator, weighing several hundred pounds and measuring approximately nine (9) feet in length, was standing motionless in Gosling’s lane of travel. The alligator was facing south, and it almost completely filled the right lane. Gosling struck the alligator, which became lodged under her vehicle. Gosling’s car spun out of control, crossed the right lane and moved into the middle lane, where it collided with Gagliano’s vehicle.
Gagliano filed a Petition for Damages on April 26, 1995. Gagliano alleged that he-sustained damages and injuries as a result of this accident. Gagliano argued that the accident resulted solely and only as a result of the negligence of Gosling in the following ways: in failing to maintain proper control of her vehicle; in failing to see what she should have seen and through the exercise of reasonable care could have seen; and in all other acts of negligence, either through omission or [.-¡commission that may be shown at the time of trial. In this Petition, Gagliano also noted that State Farm had in full force and effect a policy of liability insurance, which afforded coverage to the vehicle being driven by Gosling, thereby rendering State Farm equally liable in this accident.
Counsel for Gosling and State Farm filed an Answer to Gagliano’s Petition on August 17, 1998. In the Answer Counsel argued that the circumstances of the accident created both a sudden emergency and an unavoidable accident, which precluded the finding of negligence on the part of Gosling.
Counsel for Gosling and State Farm later filed a Motion for Summary Judgment and Memorandum in Support of this motion on October 8, 1998. Attached to this Motion and Memo in Support was an affidavit signed by Gosling, in which Gosling re-counted her version of the facts of the accident.
Counsel for Gagliano filed an Opposition and accompanying Memorandum in Support of the Opposition to the defendant’s Motion for Summary Judgment, attaching the police report pertaining to this accident.
Counsel for Gosling and State Farm subsequently filed a Motion to Strike the Accident Report and an accompanying Memorandum in Support thereof on November 4, 1998. Counsel argued that a police report may not be admitted into evidence if the author of the report is unavailable for cross-examination. Counsel further argued that such evidence is inadmissible as hearsay.
The record contains a copy of a Rule to Show Cause, ordering Gagliano to show cause on November 5, 1998 in the First City Court, why the Motion to Strike Accident Report filed by the defendants should not be granted. However, this Rule to Show Cause is not signed by any Judge. The record is devoid of any evidence 14that the trial court ruled on this Motion to Strike. Therefore, the trial court’s posture with regard to the admission of the police report as evidence is unclear.
The defendants filed a Supplemental Memorandum in Support of Motion for Summary Judgment on November 4, 1998.
The trial court held a hearing on the Motion for Summary Judgment on November 4,1998. At this hearing, defense counsel noted that there is a “new summary judgment burden” which requires that the *50 non-movant, in this case the plaintiff, show “that they can succeed at trial on the issue.” Defense counsel noted that they filed a complete affidavit from Gosling, while the plaintiff supplied no counter-affidavit from their client, Gagliano. Defense counsel used this failure of the plaintiff to provide a counter-affidavit as the basis for his argument that the trial court should grant summary judgment in the defendant’s favor.
Plaintiffs counsel, on the other hand, argued that even though the standards regarding summary judgment underwent a change in 1996 as a result of amendments to the Louisiana Code of Civil Procedure, “it is still incumbent upon the mover for summary judgment to show that there was an absence of material facts before a motion for summary judgment can be granted.” Plaintiffs counsel further argued that there did indeed exist genuine issues of material fact in this matter, and as such, summary judgment should not be granted.
The trial court apparently agreed with defense counsel because it granted defense counsel’s Motion for Summary Judgment. In oral reasons, Judge Imbornone stated the following:
“.... The Court feels that there was no negligence on the part of the defendant, you know, trying to avoid the alligator. After, you know, hearing the testimony. — not the testimony — the argument of Counsel and reviewing the videotape, so prepare the Judgment on it like that ...”
| .^Plaintiffs counsel then filed an appeal of the trial court’s ruling.

LAW AND DISCUSSION

Appellate courts review summary judgment decisions de novo. God-frey v. Boston Old Colony Ins. Co., 97-2569 (La.App. 4 Cir. 5/27/98), 718 So.2d 455, 457; Walker v. Kroop, 96-0618 (La.App. 4 Cir. 7/24/96), 678 So.2d 580, 583 [1] The appellate court, like the trial court, should uphold a summary judgment decision only when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues of material fact and that the mover is entitled to judgment as a matter of law.” LSA-C.C.P. art. 966(B). “Facts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute.” Godfrey, supra; Walker, supra.
Louisiana Code of Civil Procedure article 966 was amended in 1996 to state that summary judgments are favored. The article was amended again in 1997 to clarify issues concerning the movant’s burden of proof. Subparagraph C(2) of article 966 provides:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be liable to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
LSA-C.C.P. art. 966 C(2).
This Court explicated the 1997 amendment to C.C.P. article 966 in Cressionnie *51 v. Liberty Mut. Ins. Co., 98-0534 (La.App. 4 Cir. 4/8/98), 711 So.2d 364, stating as follows:
Procedurally, under the 1997 amendments to the summary judgment law, La. C.C.P. art. 966, a court’s first task on a motion for summary judgment remains the same — to determine whether the moving party’s supporting documents — pleadings, depositions, answers to interrogatories, admissions and affidavits — are sufficient to resolve all material factual issues. La. C.C.P. art. 966(B). If the court finds that a genuine issue of material fact exists, summary judgment must be denied. Walker, supra at 584.
However, if the court finds, based on the evidence presented by the movant, that no genuine issues of material fact exist, the party opposing the motion for summary judgment is required to “produce factual support sufficient to establish that he will be able to satisfy his eviden-tiary burden of proof at trial.” La. C.C.P. art. 966(C)(2). In meeting his burden of proof, the movant is expressly not required “to negate all the essential elements of the adverse party’s claim, action, or defense,” but only “to point out to the court that there is an absence of factual support for one or more elements.” Id. Once the movant has met his burden and the burden shifts to the party opposing the motion, the non-moving party is not allowed to rely on the allegations of his pleadings in opposition to a properly supported motion for summary judgment. Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488.
Id. at 366.
In the instant case, Appellees argue that the trial court was correct in granting Summary Judgment. Appellees use the fact that they submitted an affidavit from Gosling with their Motion for Summary Judgment, as well as the fact that Appellant failed to submit an opposing affidavit, deposition, or response with its Opposition Memorandum, as one of the bases for its argument that |7Summary Judgment should have been granted in this case. Appellees state as follows: “From this utter lack of factual support for plaintiffs position, the court correctly found that there is no genuine issue of material fact.” However, Appellees reasoning is faulty in that it takes for granted that the affidavit is enough to automatically shift the burden of proof to the non-movant, or Appellant. We find that it is not enough.
In Moore v. Delta Waste System, Inc., 96-1984 (La.App. 4 Cir. 3/12/97) 690 So.2d 1108, this Court stated as follows:
However, regardless of whether or not summary judgments are favored, the amended version of C.C.P. art. 966 does not change the law regarding the burden of proof in a summary judgment proceeding. The burden of proof remains on the mover to show “that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of Law.” La. C.C.P. art. 966 C. (Emphasis added). Only after the mover has met this burden may summary judgment be rendered against “an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial.” La. C.C.P. art 966 C. The adverse party cannot rest on the mere allegations or denials of his pleadings. La. C.C.P. art 967. Therefore, if genuine issues of fact remain, this Court must still reject summary judgment even though this procedure is now favored. (Emphasis added).
The jurisprudence makes it clear that a movant for summary judgment must still prove that no genuine issues of material fact remain. After a thorough review of the record, we find that the movants, in this case the appellees, failed to meet their burden of proof. Therefore, the burden of proof did not even switch to the Appellant. *52 Because of this, the Appellant’s failure to submit any factual support is of no matter at this particular point. This Court agrees that the circumstances of this motor vehicle accident were indeed unusual, to say the least. However, considering the fact that this Court reviews Summary Judgments de novo, we find | sthat there is not enough in the record to allow this Court to definitively say that there was absolutely no negligence on the part of Gosling. The record basically provides us with Gosling’s word. This is inadequate. As an appellate court reviewing a cold record, we are not in the best position to weigh and evaluate the evidence presented and make certain determinations. Rather, the original fact finder, viewing live testimony and evidence, is in the best position to make a determination so heavily laden with factual issues. In addition, Appellees have an adequate remedy on appeal if the fact finder does not find in their favor.
Both parties make arguments in favor of and against the use of the doctrines of Sudden Emergency and Inevitable or Unavoidable Accident. However, we preter-mit any discussion of the applicability of these doctrines because we find that there are genuine issues of material fact that remain and that must be determined by the trial court.
For the foregoing reasons, we reverse the trial court’s granting of the Motion for Summary Judgment filed by the Appel-lees, and we remand this matte to the trial court for further proceedings consistent with our reasoning in this opinion.

REVERSED AND REMANDED.

KATZ, J., CONCURS AND ASSIGNS WRITTEN REASONS

. In Chase v. Louisiana Riverhoat Gaming Partnership, 30,368 (La.App. 2 Cir. 2/25/98), 709 So.2d 904 writ denied 719 So.2d 1057, our brethren in the 2nd Circuit Court of Appeal opined that the recent amendments to LSA-C.C.P. art. 966 clarified that law as it relates to Summary Judgment. The 2nd Circuit further opined that all cases inconsistent with Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691 writ denied 690 So.2d 41, were overruled. Walker, supra fell within this category. We disagree with this conclusion. First, we find that the amendments clarified the law as it relates to Summary Judgments. However, we respectfully decline to accept the application and interpretation of these amendments by the 2nd Circuit as articulated in Chase, supra.