h McKAY, Judge.
The trial court granted General Electric Plastics’ (GE) motion for summary judgment. The plaintiffs now appeal that judgment.
FACTS AND PROCEDURAL HISTORY
The instant matter arises out of an accident, which occurred on January 26, 1993, in Pearlington/Port Bienville, Mississippi where the decedent, Franklin Kent, was killed while working on a demolition project at the GE plant. Industrial Demolish-ers Inc. allegedly employed the decedent as an independent contractor to perform the cutting and torching of metal being harvested during the demolition of a nonoperational portion of the plastic plant. It is undisputed that the accident was caused by unregulated oxygen pressure that ruptured the manifold tank that fed several cutting torches, including Mr. Kent’s.[1]
There are several contractual relationships between the various parties to this lawsuit, but for purposes of this action GE is the only remaining defendant.[2] GE hired Universal Process Equipment Inc. (UPE) as the contractor to perform all | ^demolition work at the plastic plant. UPE then hired Gygan & Cygan Corporation (Cygan), which in turn contracted with Goldin Industries, Inc. (Goldin) to perform cutting and torching work on the demolition project. Industrial Demolishers was brought onto the job by Goldin Industries (Goldin). All of these companies with the exception of UPE acted as independent contractors.
GE filed its motion for summary judgment in September of 1999, on the supposition that it could not be held responsible for injuries of independent contractors performing their contract work and that GE had no legal duty to Mr. Kent. GE argues that it merely owned the premises but maintained no operative control over the demolition work. The trial court granted GE’s summary judgment on February 29, 2000.
ASSIGNMENT OF ERRORS
The appellants raise several issues in their appeal. Specifically, the trial court erred in granting summary judgment when questions of law and genuine issues of material fact exist. First, the appellant argues that the trial court erred in failing to apply Mississippi law as to the duty and standard of care owed by GE to the dece *541 dent. Second, the appellant contends that the trial court failed to find that there were material issues of fact as to whether “hot work” being performed by the decedent was inherently dangerous. Finally, the appellant maintains that the trial court failed to find that material issues of fact existed as to whether GE exercised control or supervision over decedent’s work.
J^LAW
Appellate courts review summary judgment decisions de novo. Godfrey v. Boston Old Colony Ins. Co., 97-2569 (La.App. 4 Cir. 5/27/98), 718 So.2d 455, 457; Walker v. Kroop, 96-0618 (La.App. 4 Cir. 7/24/96), 678 So.2d 580, 583. The appellate court, like the trial court, should uphold a summary judgment decision only when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues of material fact and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). “Facts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute.” Godfrey, supra; Walker, supra.
Louisiana Code of Civil Procedure article 966 was amended in 1996 to state that summary judgments are favored. The article was amended again in 1997 to clarify issues concerning the movant’s burden of proof. Subparagraph C(2) of article 966 provides:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
La. C.C.P. art. 966 C(2).
|/This Court explicated the 1997 amendment to La. C.C.P. article 966 in Cressionnie v. Liberty Mut. Ins. Co., 98-0534 (La.App. 4 Cir. 4/8/98), 711 So.2d 364, 366, stating as follows:
Procedurally, under the 1997 amendments to the summary judgment law, La. C.C.P. art. 966, a court’s first task on a motion for summary judgment remains the same — to determine whether the moving party’s supporting documents — pleadings, depositions, answers to interrogatories, admissions and affidavits — are sufficient to resolve all material factual issues. La. C.C.P. art. 966(B). If the court finds that a genuine issue of material fact exists, summary judgment must be denied. Walker, supra at 583.
However, if the court finds, based on the evidence presented by the movant, that no genuine issues of material fact exist, the party opposing the motion for summary judgment is required to “produce factual support sufficient to establish that he will be able to satisfy his evidentia-ry burden of proof at trial.” La. C.C.P. art. 966(C)(2). In meeting his burden of proof, the movant is expressly not required “to negate all the essential elements of the adverse party’s claim, action, or defense,” but only “to point out to the court that there is an absence of factual support for one or more elements.” Id. Once the mov-ant has met his burden and the burden shifts to the party opposing the motion, the non-moving party is not allowed to rely on the allegations of his pleadings in opposition to a properly supported motion for summary judgment. Oakley v. Thebault, *542 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488. Id. at 366.
DISCUSSION
Appellant argues that the trial court erred in failing to apply Mississippi law in granting GE’s motion for summary judgment. This argument has validity in that 1 Bthe trial court is silent as to which state’s law to apply. Appellant argues that Mississippi State law should apply. Appellee argues that Louisiana law and Mississippi law are identical and that Louisiana law should apply.
In the instant matter the decedent was a Louisiana resident who was working in Mississippi. The potential wrongful conduct and the resulting injury occurred in the same state, Mississippi. The pertinent fact in question, concerning this choice of law issue, is whether the decedent, Franklin Kent, was hired by Industrial Demolishes to cut and retrieve scrap metal from the demolition of the appellee’s plant in Mississippi. Because the wrong type of oxygen tank, a high-pressure tank, was connected to the manifold without a regulator, the tank exploded, killing Mr. Kent.
This appeal partially pertains to a conflict of law analysis. When a suit is pending in Louisiana courts, La. C.C. art. 3543 provides in pertinent part that:
Issues pertaining to standards of conduct and safety are governed by the law of the state in which the conduct that cause the injury occurred, if the injury occurred in that state or in another state whose law did not provide for a higher standard of conduct.
Addressing relator’s claim that the instant matter has issues pertaining to conduct and safety pursuant to La. C.C. art. 3543, suggest that Mississippi law should apply to their claims against GE. If the facts at trial disclose that that article is relevant, then the trial court must apply the law of the relevant state. Furthermore, where culpability lies is also a question germane to a choice of law analysis. The trial court is silent on which law it either considered or applied in its | ^granting of GE’s motion for summary judgment. This is an issue to be determined at a trial on the merits and will not be considered at this juncture in the litigation.
The appellant also forwards the argument that the trial court erred in failing to find that a material fact existed as to whether alleged “Hot Work” was being performed by the decedent and if this type of work was inherently dangerous, thereby possibly imposing a non-delagable duty upon GE. We must first decide if there exists a material issue of fact concerning GE’s alleged operational control of the facility significant enough to impose a duty upon Mr. Kent, to the decedent. There is no dispute that GE owned the premises, and that Mr. Kent worked for Industrial Demolishers, who was contracted as an independent contractor by Goldin to perform a portion of the demolition work who was as an independent contractor. Generally, property owners are not liable for the negligence of independent contractors who are performing work for the owner. However, the owner may be held liable, if he exercises control over the contractor’s methods of operation or gives express or implied authorization to an unsafe practice. Williams v. Gervais F. Favrot, Co., 499 So.2d 623, 625 (La.App. 4 Cir.1986). Furthermore, the fact that an owner periodically inspected the job site to be sure that work was being performed in accordance with the specifications does not constitute the exercise of operational control. Id.
In the present case, the demolition project was situated on GE’s premises in a non-operational part of the plant. GE *543 claims that all potential ignition sources in |7the non-operational part of the plant had been purged prior to the beginning of the demolition work.
As provided, GE’s policy and procedure for hot work permits defines “Hot Work” as, the use of any device capable of producing an ignition source of flammable or combustible materials. A “Hot Work Permit” is defined as written approval authorizing the performance of hot work. The procedure document also defined as policy that welding, burning, brazing, drilling, chipping, grinding, vehicle movement, electrical hand tool, and all other spark producing tools or equipment should be considered as ignition sources. As a result of the hot work permit, a firewatch must be assigned the responsibility of standing watch for possible fire hazards (flying sparks, flying weld slag, general observation). The firewateher watch must be trained in fire extinguisher use and must be ready to put out any small fire that occurs. In this procedure document, GE noted that contractors must provide their own firewatehers. The record indicates that on the date of the incident, GE prepared a hot work permit for Cygan indicating that a torch and a gas engine were to be in use; a firewateher by the name of Annette was placed on duty. It is not clear from the record who employed Annette. The appellant argues that GE’s issuance of a hot work permit is evidence of operational control thereby creating a duty to Mr. Kent. Clearly, the record does not clarify this issue. There are pertinent facts not readily available to this Court nor the district court to conclude that GE maintained operational control by issuing the hot work permit. It is impossible to conclude from a perusal of the record whether | sthere was a duty imposed on GE because it issued a hot work permit to Cygan on the day of the accident. A genuine issue of material fact exists and summary judgment is inappropriate in this instance. The plaintiffs sufficiently met their burden to defeat GE’s motion for summary judgment.
CONCLUSION
In the instant matter, there are serious questions not yet answered concerning whether GE had a duty to properly instruct the decedent in the performance of “hot work”. Furthermore, it is unclear whether the work being performed was inherently dangerous by either Louisiana and/or Mississippi law. Finally, the record before this Court fails to clarify whether GE exercised control or supervision over the demolition work being performed on its property. With so many unresolved questions, genuine material issues of law and fact exist and summary judgment was improvidently granted. Accordingly, we reverse the judgment of the trial court and remand the matter for further proceedings.
REVERSED AND REMANDED.

. The accident occurred after a low-pressure oxygen supply attached to oxygen manifold was exhausted and replaced with a borrowed high-pressure oxygen tarde. The manifold was made by the decedent and had been used on other jobs prior to the GE project.

. All other defendants settled out of court.