hDOWNING, J.,
dissents and assigns reasons.
I respectfully dissent and would affirm the trial court. The jury erred finding Air Products’ acts were not a cause in fact of Mr. Labatut’s injuries. The trial court was, therefore, correct in entering a judgment notwithstanding the verdict (JNOV). It was not manifestly erroneous in attributing 10% fault to Air Products. The JNOV is not legally or factually erroneous and should be affirmed.
As articulated by the Louisiana Supreme Court, the five elements of the duty/risk analysis are as follows:
1) the conduct in question was a cause in fact of the resulting harm,
2) the defendant owed a duty of care to the plaintiff,
3) the defendant breached that requisite duty,
*228 4) the risk of harm was within the scope of protection afforded by the duty breached, and
5) the plaintiff suffered actual damages.
Pitre v. Louisiana Tech University, 95-1466, p. 8 (La.5/10/96), 678 So.2d 585, 589-590. “If the plaintiff fails to satisfy one of the elements of duty-risk, the defendant is not liable.” Pitre, 95-1466 at p. 9, 673 So.2d at 590.
| ¡.Here, the jury found that Air Products was legally at fault in causing the accident. This finding of fault is uncontested. The jury, however, concluded that this fault was not a cause in fact of Mr. Labatut’s injuries. The trial court was correct in concluding that these two findings are inconsistent and that Air Products’ fault was a cause in fact of Mr. Labatut’s injuries. Cause in fact is the only element of the duty/risk analysis in dispute.
The trial court correctly observed that cause in fact is a “but for” analysis. Perkins v. Entergy Corporation, 98-2081, 98-2082, 98-2083, p. 26 (La.App. 1 Cir. 12/28/99), 756 So.2d 388, 407. And as the trial court noted, had Air Products released the air from the skid before going to lunch and allowing the Pax employee to work on the skid, utilized a barricade, or had it locked or flagged and tagged the valve that Mr. Labatut turned, he would not be injured. The trial court correctly stated: “Had there been any verbal or visual warnings to Charles Labatut that the skid was pressurized, he would not have attempted to remove the valve. ‘But for’ the negligence of Air Products, Charles Labatut would not have been injured.”
Thus, whether or not Air Products was in control of the skid at the time of the accident, no reasonable juror could conclude that Air Products’ fault was not a cause in fact of the accident. How could the accident have happened absent Air Product’s negligence? It makes no difference that other parties may have been negligent also. The majority points to no evidence in the record, and we can find none, showing that “Mr. Labatut would have been injured regardless of what Air Products did or did not do.”
Accordingly, the trial court was correct in entering JNOV in favor of Mr. Labatut and against Air Products. I further conclude that the trial courts’ JNOV is not legally or factually erroneous, and I would affirm it.