| t McMANUS, Judge.
The instant matter involves review of the sale of a business, and we agree with the trial judge’s ruling that the sale permitted the purchaser to continue to use a family name in the operation of the business. We therefore affirm the summary judgment.
STATEMENT OF THE CASE
The instant matter originated with a Petition for Permanent Injunction filed by Appellant Hewitt Becnel on December 28, 1998. Named as Defendants were Appel-lee, Rick J. Alexander, and Becnel & Associates Painting & Decorating, Inc. The suit sought to enjoin use of the name Becnel in association with the operation of a business sold by Becnel to Alexander.
On June 16, 1999, Alexander filed an Answer and Reconventional Demand. The answer stated that Alexander had complied with the terms of the sale of the business, and the reconventional demand *542 requested attorney’s fees and costs, provided for in the contract of sale in the event of legal proceedings.
Becnel timely answered the reconven-tional demand.
On January 14, 2000, Becnel filed a Motion for Summary Judgment; on February 7, Alexander filed his own such motion. The motions were argued on February 11, 2000. The trial judge ruled at the conclusion of the hearing, and a written judgment was signed on March 28, 2000, denying Becnel’s motion and | ¡^granting Alexander’s, and decreeing that Alexander would be allowed to continue to use the name “Becnel & Associates Painting & Decorating, Inc.” in the operation of his business.
Becnel timely filed a motion for devolu-tive appeal, and he now raises the following error:
The Trial Court committed error in rendering summary judgment in favor of the defendants Rick J. Alexander and Becnel & Associates Painting & Decorating, Inc. and dismissing the claims of the plaintiff, Hewitt Becnel.
FACTS
The pertinent facts are as follows:
The record contains an Agreement to Purchase Corporate Stock, by Hewitt Bec-nel to Rick Alexander, dated August 9, 1995, which includes the following provision among the Purchaser’s representations and Warranties:
(e) Articles of Incorporation. Purchaser will amend the Articles of Incorporation of the Company by October 1, 1998 to change the name of the Company so that the name Hewitt Becnel does not appear in the corporate name. Thereafter the Company shall be entitled to use its new name with an indication that it was formerly known as Hewitt Becnel and Associates, Inc.
The agreement was signed by Becnel, as seller, and Alexander, as purchaser, and was witnessed by two other individuals.
A Memorandum of Closing (of the sale) was executed by Becnel and Alexander on September 29,1995.
Papers from the Secretary of State for the State of Louisiana show that on May 8, 1997, Alexander changed the corporate name of the business he had purchased to “Becnel & Associates Painting & Decorating, Inc.”
Finally, the record shows that the instant suit had been preceded by an exchange of letters in which Becnel warned Alexander to cease using “Becnel & Associates Painting & Decorating, Inc.,” and Alexander responded that his use of this business name was not in contravention of the terms of the sale.
| .LAW AND ARGUMENT
This matter involves the sale of an ongoing business. A sale is a kind of contract. See LSA C.C. art. 2439. Therefore, interpretation of the provisions of the sale in question must follow the rules established for the construction of contracts, and these rules provide the following.
The interpretation of a contract is the determination of the common intent of the parties. LSA C.C. art. 2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. LSA C.C. art. 2046. See also Pique-Weinstein-Pique Architects, Inc. v. New Orleans Aviation Bd., 99-1231, at 5 (La.App. 5 Cir. 4/25/00), 762 So.2d 76, 78; Gottsegen v. Diagnostic Imaging Services, 95-977, at 5 (La.App. 5 Cir. 3/13/96), 672 So.2d 940, 943. Further, when a contract can be *543 construed from the four corners of the instrument without looking to extrinsic evidence, the question of contractual interpretation is answered as a matter of law and summary judgment is appropriate. Peterson v. Schimek, 98 1712, at 5 (La.3/2/99), 729 So.2d 1024, 1029, citing Brown v. Drillers, Inc., 93-1019, at 9 (La.1/14/94), 630 So.2d 741, 749-50; Peyton Place, Condominium Ass’n, Inc. v. Guastella, 95-396, at 11 (La.App. 5 Cir. 1/17/96), 668 So.2d 1174, 1178.
Becnel asserts that the terms of the contract between him and Alexander have been violated because its language does not expressly allow Alexander to use the name Becnel in the continuing operation of the decorating business. He argues that the clear and explicit language contained in the sale disallows the use of his surname in any association with the business operated by Alexander.
It is true that the sale of a name must be “expressly understood” in the act by which it is conveyed to be valid. Vonderbank v. Schmidt, 44 La.Ann. 264, 276, 10 So. 616, 621 (1892). However, as long as the terms of a sale are express, the law imposes no limits whatever on ivhat its terms may be. It is well within parties’ rights to agree to whatever arrangement they may choose regarding use of a name, | variations on the name, or association of the name with some other name, trade name or mark. Dantonio v. Fontana, 92-2844, at 9-11 (La.5/5/94), 636 So.2d 218, 223-24.[1]
The sale in question does contain explicit language regarding use of the Becnel name. And the express terms of the sale here do not prohibit the use of the surname Becnel in connection with the continued operation of the business which was purchased by Appellee Alexander. The provision regarding use of the Becnel name, as expressly stated in the sale, requires Alexander only to change the corporate name of the business “so that the name Hewitt Becnel does not appear in the corporate name.” Alexander has made this change: he has removed the name “Hewitt Becnel” from the corporate name of the business. He has complied with the terms of the contract.
Appellant Becnel could easily have insisted on terms which would have insured the result he seeks to impose here. He did not do so, however, and we are without authority to ignore the clear and explicit language of the “name clause” actually included in the contract. Barrera, 636 So.2d at 224.
Appellee Alexander has complied with the language contained within the express terms of the contract in question, the language within its four corners, and the trial judge was correct to have granted Alexander’s motion for summary judgment. For these reasons, the judgment of the trial court is affirmed.
Costs of this appeal are assessed against Appellant Hewitt Becnel.
AFFIRMED.

. Excepting, of course, possible implication of public policy considerations. And we note that this matter does not involve the possible violation of contract terms regarding exclusive use of a family name: the matter does not present any of the problems which arise out of unfair competition or trade practices.