841 So.2d 916 (2003)
Elaine DOUCET, et al
v.
HUFFINE ROOFING AND CONSTRUCTION, et al.
No. 02-CA-1049.
Court of Appeal of Louisiana, Fifth Circuit.
February 25, 2003.
*917 James E. Shields, Gretna, LA, for Plaintiffs/Appellants.
David K. Persons, Alayne R. Corcoran, Hailey, McNamara, Hall, Larmann & Papale, L.L.P., Metairie, LA, for Defendant/Appellee, State Farm Fire & Casualty Company.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD, and WALTER J. ROTHSCHILD.
SOL GOTHARD, Judge.
This is an appeal from a grant of a defense motion for summary judgment. The issue on appeal is whether a policy of liability insurance issued by State Farm Insurance Company to its insured, Plateo & Silcio Architects (Plateo & Silcio), applies to the negligence of the insured in this case.
This matter began as a class action suit by certain plaintiffs who allege they sustained injuries due to exposure to toxic fumes at L.W. Higgins High School during the repair and replacement of the building roof. Several defendants were named in the action, including Plateo & Silcio, and, in a supplemental and amending petition, State Farm as the insurer of Plateo & Silcio. State Farm filed a motion for summary judgment in which it asserted that the specific professional liability exclusion contained in the policy precluded coverage of plaintiffs' claim. Attached to the motion were the following documents:
1. Pertinent pleadings,
2. A contract between the Jefferson Parish School Board and Plateo & Silcio,
3. A copy of a professional liability insurance policy written by Continental Casualty Company and insuring Plateo & Silcio, and,
4. A copy of the State Farm business policy that is at issue herein.
After a hearing on the matter, the trial court granted State Farm's motion and rendered a judgment accordingly, dismissing State Farm from the suit. The judgment was certified by the trial court as a partial final judgment subject to immediate appeal.
LSA-C.C.P. art 966 provides in pertinent part as follows:
...........The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no *918 genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
Summary judgments are now favored in the law and the rules should be applied liberally. Breaux v. Schiro, 01-1398 (La. App. 5 Cir. 5/29/02), 821 So.2d 123, 125; writ denied, 02-1784 (La.10/4/02), 826 So.2d 1129.
On appeal this Court must review a summary judgment de novo and inquire whether there are genuine issues of material fact and whether the summary judgment should be granted in accordance with article 966. Id. The summary judgment procedure shall be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions. LSA-C.C.P. art. 966; Perricone v. East Jefferson General Hospital, 98-343 (La.App. 5 Cir. 10/14/98), 721 So.2d 48.
There is no dispute that the Jefferson Parish School Board entered into a contract with Plateo & Silcio for its professional architectural services in construction work done on L.W. Higgins High School, or that State Farm insures Plateo & Silcio. The State Farm business policy covers the buildings and personal property of the firm from losses for fire, lightning, explosion, windstorm, hail, etc., and loss of income resulting from such losses. The policy states:
Under coverage L, this insurance does not apply:

* * *
10. to bodily injury, property damage or personal injury due to rendering or failure to render any profession services or treatments. This includes but is not limited to:
b. engineering, drafting, surveying or architectural services, including preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications....
In support of its motion for summary judgment, State Farm argued successfully that the above exception precluded coverage for the alleged negligence of its insured in this case.
Plaintiffs cite a different section of the policy that reads:
Under coverage L, this insurance does not apply:

* * *
10. to bodily injury, property damage for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages.
a. assumed in a contract or agreement that is an insured contract, provided the bodily injury or property damage occurs after the execution of the contract or agreement; or
b. that the insured would have in the absence of a contract or agreement.......
Plaintiff argues that the contract between the School Board and the architect was a contract which fits into the exception to the exclusion cited above because of certain clauses in the contract that make the architect responsible for supervision and control of the project.
LSA C.C. art.2045 provides that the interpretation of a contract is the determination of the common intent of the parties. When the words of a contract are *919 clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. LSA C.C. art.2046. Further, when a contract can be construed from the four corners of the instrument without looking to extrinsic evidence, the question of contractual interpretation is answered as a matter of law and summary judgment is appropriate. Becnel v. Alexander, 00-1304 (La.App. 5 Cir. 3/28/01) 783 So.2d 540, 543.
In our consideration of plaintiffs' argument that the exception to the exclusion for liability assumed in a contract is applicable, we note that the contract between the School Board and the architect provides that the architect has the responsibility for supervision of the repair work. However, we do find that fact sufficient to provide coverage under the cited clause in the State Farm policy regarding assumed liability. The meaning of the contract is obvious from the four corners of the document. It is a contract between the Jefferson Parish School Board and Plateo & Silcio for professional architectural services that included supervision and control of the project. It is a transfer of responsibility for supervision of the project in the normal course of the furtherance of the profession of the architect. It is not a transfer of liability. Surely it would be illogical for this Court to rule that Plateo & Silcio had assumed the School Board's legal liability for all damages occurring from the incident by reason of the contract for professional services.
We also note that it is clear that the insured, Plateo & Silcio, understood that a separate policy for coverage of professional liability was required, because the firm has such a policy with Continental Casualty Insurance Company.
In Succession of Fannaly v. Lafayette Ins. Co., 01-1144,1343,1355,1360 (La.1/15/02), 805 So.2d 1134, the Supreme Court set forth the general rules of insurance contract interpretation.
An insurance policy is an aleatory, nominate contract subject to the general rules of contract interpretation as set forth in our civil code. See LSA-C.C. arts.1912, 1914-15. The extent of coverage under an insurance contract is dependent on the common intent of the insured and insurer. Thus, when interpreting an insurance contract, courts must attempt to discern the common intent of the insured and insurer. See LSA-C.C. art.2045.
In ascertaining the common intent of the insured and insurer, courts begin their analysis with a review of the words in the insurance contract. Words in an insurance contract must be ascribed their generally prevailing meaning, unless the words have acquired a technical meaning, in which case the words must be ascribed their technical meaning. See LSA-C.C. art.2047. Moreover, an insurance contract is construed as a whole and each provision in the contract must be interpreted in light of the other provisions. One provision of the contract should not be construed separately at the expense of disregarding other provisions. See LSA-C.C. art.2050;
When the words of an insurance contract are clear and explicit and lead to no absurd consequences, courts must enforce the contract as written. See LSA-C.C. art.2046. Courts lack authority to alter the terms of an insurance contract under the guise of contractual interpretation when the contract's provisions are couched in unambiguous terms. Indeed, the rules of contractual interpretation "do not authorize a perversion of the words or the exercise of inventive powers to create an ambiguity where none exists." (some citations omitted)
*920 Id. 805 So.2d at 1137-38.
In the instant matter we find the professional services exclusion in the State Farm policy is clear and unambiguous. We further find no error in the trial court's ruling that the exclusion precludes recovery in this case. Accordingly, we find the trial court's grant of summary judgment was correct and, accordingly, we affirm the judgment.
AFFIRMED.